**STATE of North Dakota ex rel. Kent JONES, Commissioner of the North Dakota Department of Agriculture, an agency of the State of North Dakota, Plaintiff and Appellee,**

v.

**Ray PRETTYMAN and LaVerne Prettyman, Defendants and Appellants.**

**Civ. No. 11017.**

Supreme Court of North Dakota.

April 10, 1986.

Allen Hoberg, Asst. Atty. Gen., Bismarck, for plaintiff and appellee.

John E. Mack (argued), New London, Minn., and James P. Rausch, of Rausch & Rausch, Bismarck, for defendants and appellants.

VANDE WALLE, Justice.

Ray and Laverne Prettyman appealed from a district court order requiring them

to remove any and all bees owned, leased, or managed by them in North Dakota, from the State by July 1, 1985, and allowing the North Dakota Department of Agriculture to confiscate and eradicate those bees if they were not removed by that date. We affirm.

The Prettymans are migratory beekeepers who transport their bees from North Dakota to Florida for the winter season and bring them back to North Dakota for the summer season. On September 21, 1984, the North Dakota Department of Agriculture issued a health certificate for the bees to the Prettymans, and they transported bees to Florida for the winter. As the Prettymans brought their bees into Florida, the Florida Department of Agriculture inspected them and found them to be infested with tracheal mite.

In May 1985, the Prettymans began to bring their bees in Florida back to North Dakota. The Florida Department of Agriculture informed the North Dakota Bee Inspector that Florida had not issued a health certificate to the Prettymans to move their bees and that a spring test of the Prettymans' bees for tracheal mite was positive. At that time, the Prettymans had applied for, but had not been issued, a 1985 North Dakota beekeeping license. Additionally, the Prettymans had not provided the North Dakota Bee Inspector with a health certificate or a valid entrance permit for the bees as required by Sections 4–12.-2–04 and 4–12.2–20, N.D.C.C.

On May 29, 1985, the North Dakota Bee Inspector received a complaint that the Prettymans had brought bees into North Dakota. The report was confirmed and, pursuant to Sections 4–12.2–03 and 4–12.2–21, N.D.C.C., the Commissioner of Agriculture issued an emergency order dated May 29, 1985, ordering the Prettymans to immediately locate their bees at least two miles from any other bee location and thereafter to remove their bees from the State or permit the Department of Agriculture to confiscate and destroy the bees.

The Commissioner of Agriculture, on behalf of the State, brought an action in district court to restrain the Prettymans from violating the provisions of Chapter 4–12.2, N.D.C.C. The Commissioner's complaint, dated June 6, 1985, alleged that the Prettymans had brought bees into North Dakota without a valid health certificate or entrance permit as required by Section 4–12.2–20, N.D.C.C.; the Prettymans had not obtained a 1985 North Dakota beekeeping license as required by Section 4–12.2–04, N.D.C.C.; the Florida Department of Agriculture had informed the North Dakota Department of Agriculture that bees belonging to the Prettymans in Florida had been found to be infested with tracheal mite, a bee disease as defined in Section 4–12.2–01(9), N.D.C.C.; the Prettymans had not received a certificate from Florida indicating that their bees were disease-free; and the Prettymans had ignored the Commissioner's May 29, 1985, emergency order and continued to move bees within the State in violation of that order.

The Commissioner's complaint requested the district court to issue an order requiring the Prettymans to remove their bees from the State within five days of any court order; permitting the Department of Agriculture to confiscate and destroy the bees if the Prettymans had not removed them from the State within that time; and prohibiting the Prettymans from bringing any other bees into the State except with the approval of the North Dakota Bee Inspector and upon compliance with all North Dakota beekeeping laws.

Pursuant to an ex parte application supported by an affidavit of the North Dakota Bee Inspector which, in substance, restated the allegations of the complaint, the district court issued a temporary restraining order on June 7, 1985, requiring the Prettymans to secure approval from the North Dakota Bee Inspector before moving their bees already in the State or before moving any other bees into the State. The district court also ordered the Prettymans to show cause why the relief requested by the Department of Agriculture should not be granted.

At the conclusion of an evidentiary hearing on the order to show cause on June 17, 1985, the district court found that "a sufficient showing had been made to justify the exercise of the State's police power as sought by the State." The district court also found that the Prettymans had brought bees into the State without an appropriate permit and had moved and transported bees within the State without an appropriate health certificate. The district court granted the relief requested by the Department of Agriculture, and gave the Prettymans until July 1, 1985, to remove their bees from the State or the bees would be destroyed. A written order, dated June 24, 1985, incorporated the district court's ruling from the bench.

At the conclusion of the hearing on the order to show cause, the district court recognized that the Prettymans had requested an administrative hearing on the Commissioner's May 29, 1985, emergency order and stated that "if the Prettymans should prevail at the administrative hearing, then the order imposed by the court today shall be modified in order to conform with whatever relief may be granted at that administrative hearing." On July 1, 1985, the district court issued a stay of the removal and eradication provisions of its June 24, 1985, written order until three days after any

order of the Commissioner entered as a result of the administrative hearing.[1]

On July 3, 1985, the Prettymans filed an answer and counterclaim to the Commissioner's June 6, 1985 complaint. The Prettymans' answer and counterclaim essentially denied that they had brought bees infested with honey-bee tracheal mite into North Dakota and alleged that the State's action would effectively destroy their beekeeping business without just compensation. The Prettymans sought an injunction to permit them to keep their bees in North Dakota and to prevent the State from destroying their bees. The Prettymans also sought damages. On July 8, 1985, the Prettymans filed a notice of appeal from the district court's June 24, 1985, order.[2]

The basic issue presented by this appeal concerns the propriety of the district court's June 24, 1985, order requiring the Prettymans to remove their bees from North Dakota and permitting the State to destroy the bees if not removed.

■ This court has recognized that beekeeping is a commercial enterprise which, within constitutional limits, may be regulated by the Legislature to prevent injurious practices. *State v. Knoefler,* 279 N.W.2d 658 (N.D.1979). Chapter 4–12.2, N.D.C.C.,

---

1. Although not a part of the record before this court, the briefs filed with this court indicate that an administrative hearing on the Commissioner's May 29 emergency order was held on June 25, 1985, and, in accordance with a hearing officer's recommendation, on July 3, 1985, the Commissioner of Agriculture ordered the Prettymans to pay a $5,000 civil fine and denied them a license for the 1985 beekeeping season. The State's appendix to its brief filed with this court includes a copy of the hearing officer's recommendation which states that the hearing officer determined that the Prettymans had transported bees into North Dakota without obtaining an entrance permit, in violation of Sections 4–12.2–04 and 4–12.2–20, N.D.C.C.; the Prettymans had failed to submit a copy of a certificate of health, or its equivalent, issued by the official bee inspector in another State before transporting the bees into North Dakota; and the Commissioner's May 29, 1985, emergency order was appropriate because the Prettymans' actions were a threat to disease control in the North Dakota beekeeping industry and required immediate action. On July 26, 1985, the Pretty-

mans appealed the Commissioner's July 3, 1985, order to district court. That appeal is not before us in this proceeding.

2. The State has moved to dismiss the Prettymans' answer and counterclaim, and the district court has apparently taken that motion under advisement pending this appeal. On July 11, 1985, this court denied the Prettymans' motion for a stay of the "preliminary injunction." On July 12, 1985, the Prettymans filed a complaint against the North Dakota Bee Inspector and the Commissioner of Agriculture in the United States District Court for the District of North Dakota and obtained a temporary restraining order to prevent the destruction of their bees. On July 13, 1985, the Federal District Court denied the Prettymans' request for a preliminary injunction and dismissed their complaint. The record before us does not reflect whether the bees were removed from the State or destroyed; however, the State's brief to this court indicates that bees belonging to the Prettymans were destroyed between July 15–23, 1985.

gives the State the authority to regulate and control the beekeeping industry to prevent the spread of bee diseases.[3] Sections 4–12.2–16, 4–12.2–21, and 4–12.2–23, N.D. C.C. These statutes are in accord with the State's general police power to destroy diseased animals to prevent the spread of disease and protect the public health and welfare. See *Neer v. State Live Stock Sanitary Bd.*, 40 N.D. 340, 168 N.W. 601 (1918); *Wyant v. Figy*, 340 Mich. 602, 66 N.W.2d 240 (1954); *South Dakota Department of Health v. Owen*, 350 N.W.2d 48 (S.D.1984); See generally 4 Am.Jur.2d Animals, § 35 (1962).

When the district court issued its order, it had before it evidence that: (1) the Florida Department of Agriculture had found that bees belonging to the Prettymans in Florida were infested with tracheal mite in 1984; (2) the Prettymans had brought bees into North Dakota in May 1985 without an entrance permit or a certificate of health; (3) the Florida Department of Agriculture had found positive signs of tracheal mite in spring samples of bees belonging to the Prettymans; (4) the North Dakota Department of Agriculture had notified all North Dakota beekeepers that North Dakota viewed the tracheal mite as a disease and that appropriate action would be taken to combat that disease; (5) the Prettymans had applied for, but had not been issued, a 1985 beekeeping license; and (6) the Prettymans had moved their bees in violation of the Commissioner's May 29, 1985, emergency order.

**3.** The definition of bee disease includes parasite. Section 4–12.2–01(9), N.D.C.C. At the hearing on the order to show cause, the North Dakota Bee Inspector testified that the tracheal mite was a parasite. We have said that the Legislature is the appropriate branch to establish regulations and definitions for the beekeeping industry and that a court should not substitute its judgment for that of the Legislature on those matters. *State v. Knoefler*, 325 N.W.2d 192 (N.D.1982).

**4.** The Prettymans frame their argument to this court as follows:

After considering that evidence, the district court ordered the Prettymans to remove any and all bees owned, leased, or managed by them from the state by July 1, 1985, and, if those bees were not removed from the State by that date, the Department of Agriculture could confiscate and destroy the bees in order to prevent the spread of bee disease in this State. In view of the alternative nature of the district court's order and the evidence before the district court at that time, we conclude the order was appropriate to permit the State to control and prevent the spread of bee disease in North Dakota.

Relying on Article I, Section 16, North Dakota Constitution, and Section 4–12.2–16(5), N.D.C.C., the Prettymans raise several issues [4] relating to whether or not they were entitled to compensation with regard to bees allegedly overwintered in North Dakota and bees brought back from Florida. The Prettymans' argument before this court on those issues is based on their assertion that the State destroyed their bees without actually testing and finding them to be diseased. However, we decline to address those issues because they were not raised in the trial court in this proceeding but rather are the subject of the Prettymans' counterclaim which is presently pending before the district court and any opinion on those issues in this proceeding would be advisory.

The district court's June 24, 1985, order is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

"I.

"The Requirements of the Regulation Authorizing Destruction of Bees Without Compensation Were Not Met with Regard to Bees Overwintered by the Prettymans in North Dakota.

"II.

"The State of North Dakota, in Destroying or Attempting to Destroy Bees Brought From Florida by the Prettymans, Failed to Comply with the only Agency Regulation Allowing for Destruction of Private Property and Bees Without Compensation and There is No Police Power or Common Law Power Vested in the Department of Agriculture to Destroy Bees Without Compensation Other than as Explicitly Delineated by Regulation."