The STATE of Ohio, Appellee,

v.

WILLIAMSON, Appellant.

[Cite as *State v. Williamson* (1994), 93 Ohio App.3d 282.]

Court of Appeals of Ohio,
Champaign County.

No. 93–CA–23.

Decided March 9, 1994.

*G.S. Weithman,* Champaign County Municipal Prosecutor, for appellee.

*Gary Williamson, pro se.*

*Per Curiam.*

The appellant, Gary Williamson, appeals from the judgment of the Champaign County Municipal Court finding him guilty of failing to register bees in violation of R.C. 909.02. The appellant was fined $15 and costs. The sentence was stayed pending this appeal.

In his first assignment of error, the appellant contends that R.C. 909.02 has no application to him because he possessed the bees for a private purpose and he is not in the business of cultivating bees.

Paul Reuter, an Ohio Wildlife Officer, testified he went to the appellant's residence on a report that bees were kept at that location. He testified Mrs. Williamson acknowledged there were bees on the property, but he was denied permission to inspect them. Reuter stated he left her information about the laws requiring registration of bees.

Reuter testified a search warrant was obtained when the appellant failed to register the bees and the search revealed the presence of an artificial beehive. (See State's Exhibit A.) Reuter said he inspected the bees, took a smear sample of a dead brood of bees and sent them to a U.S.D.A. laboratory in Maryland for analysis. Examination revealed the presence of tracheal mites.

Reuter explained that since honeybees are an agricultural insect used to pollinate crops, the laws are designed to protect the bees from spreading disease.

R.C. 909.02 provides:

"Any person owning or possessing bees shall on or before the first day of June of each year, or thereafter within ten days after coming into ownership or possession of bees, or upon moving bees into this state from outside the state, file with the director of agriculture an application for registration setting forth the exact location of his apiaries and the number of colonies of bees in each apiary, together with such other information as is required by the director, and accompanied by a registration fee of five dollars for each separate apiary, owned or possessed by him at time of registration. Any person who submits his application after the dates specified by this section, or after the dates specified in rules adopted by the director, shall be subject to a ten dollar late filing fee in addition to the five-dollar registration fee. Upon acceptance of the application, the director shall issue to such person a certificate of registration. All certificates issued in accordance with this section expire on the thirty-first day of May next following date of issuance or renewal, and shall be renewed according to the standard renewal procedure of sections 4745.01 to 4745.03 of the Revised Code."

An "apiary" means any place where one or more colonies or nuclei of bees are kept. R.C. 909.01(D).

The appellant contends the state of Ohio has no right to regulate his ownership and cultivation of bees, because he does not do so for business purposes or commercial gain. We disagree.

Courts have generally upheld the validity of statutes and other regulations relating to beekeeping and apiaries as a valid exercise of the governing authorities' police power. See Annotation, Beekeeping Regulation: Validity and Construction (1987), 55 A.L.R.4th 1223. The legislature could reasonably determine that diseased bees raised in a beehive for private purposes represent an equal hazard to agricultural products to those cultivated for commercial purposes. See, generally, *State ex rel. Jones v. Prettyman* (N.D.1986), 385 N.W.2d 489. The appellant's first assignment is overruled.

In his second assignment, appellant contends the address noted on his summons to appear in court was incorrect. The appellant does not dispute he was served with the summons. He appeared for trial and defended the allega-

tions of the complaint. There was no violation of due process present in this prosecution.

In his last assignment, appellant contends the state "does not enter with clean hands." We have some difficulty interpreting the meaning of this assignment, but we find no evidence of misconduct on behalf of the state of Ohio. The evidence was gathered pursuant to a search warrant. The statute is a valid exercise of the state's police powers. This assignment is also overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, FAIN and FREDERICK N. YOUNG, JJ., concur.