William PICKARD, Petitioner
and Appellant,

v.

JOB SERVICE NORTH DAKOTA, and
Marketplace Motors, Inc., Respondents
and Appellees.

Civ. No. 870236.

Supreme Court of North Dakota.

April 18, 1988.

Broden & Broden, Devils Lake, for petitioner and appellant; argued by Douglas Broden.

David Ernest Clinton, Bismarck, for respondents and appellees.

GIERKE, Justice.

William Pickard (Pickard) appeals from the district court judgment affirming Job Service's finding that Pickard voluntarily quit his employment without good cause attributable to the employer. We affirm.

On June 1, 1986, Pickard was hired by Marketplace Motors, Inc., as its finance and insurance manager. Even though Pickard was not licensed to sell insurance at the time he was hired, he was studying for the insurance exam and was to assume his duties upon licensure by the State.

On October 9, 1986, Pickard who had just failed the insurance exam for the second time was called into the office of Joe Reisnouer (Reisnouer) who was the general manager of Marketplace Motors, Inc. Reisnouer directed Pickard to move out of the main office and into the finance and insurance department to receive training from the hired consultants. Reisnouer believed that the training would help Pickard pass the insurance exam.

Pickard refused to move from the main office to the finance and insurance department. Pickard believed that Reisnouer was directing him to sell insurance even though he was not yet licensed. Pickard turned in his keys and walked out of Reisnouer's office.

On October 16, 1986, Pickard filed a claim for unemployment benefits with Job Service North Dakota. A claims deputy with Job Service of North Dakota determined that Pickard was disqualified from receiving benefits because he voluntarily quit his employment without good cause attributable to his employer.[1] Accordingly, the claims deputy issued a determination on October 28, 1986, which denied unem-

---

1. Section 52–06–02, N.D.C.C., provides in part as follows:
   "52–06–02. Disqualification for benefits. An individual shall be disqualified for benefits:
   "1. For the week in which he has filed an otherwise valid claim for benefits after he has left his last employment voluntarily without good cause attributable to the employer, and thereafter until such time as he:

   a. Can demonstrate that he has earned remuneration for personal services in employment equivalent to at least eight times his weekly benefit amount as determined under section 52–06–04; and
   b. Has not left his last work under disqualifying circumstances."

ployment benefits.[2] Pickard appealed this determination and a telephone hearing was conducted on November 18, 1986. The appeals referee issued a decision on November 25, 1986, which affirmed the denial of unemployment benefits. Pickard then requested and was granted bureau review of the referee's decision. On December 22, 1986, the Job Service bureau review affirmed the referee's decision on appeal.

On January 15, 1987, Pickard filed a petition for judicial review. The district court issued a judgment on June 15, 1987, which affirmed the decision of Job Service. On August 17, 1987, Pickard filed this appeal.

Pickard contends on appeal that the administrative referee's findings are not supported by the preponderance of the evidence and therefore he is not disqualified from receiving unemployment benefits. Pickard asserts that the finding by Job Service that Pickard voluntarily quit his employment is not supported by the preponderance of the evidence. Pickard also asserts that even if the evidence supports the finding that Pickard voluntarily quit, the finding that Pickard quit without good cause attributable to his employer is not supported by the preponderance of the evidence.

The scope of review of administrative agency decisions in both the district court and in this Court[3] is governed by Section 28–32–19 of the North Dakota Century Code which provides in part as follows:

"28–32–19. Scope of and procedure on appeal from determination of administrative agency. The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to Section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

"1. The decision or determination is not in accordance with the law.

"2. The decision is in violation of the constitutional rights of the appellant.

"3. Provisions of this chapter have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions and decision of the agency are not supported by its findings of fact."

In *Matter of Prettyman*, 410 N.W.2d 533, 535–536 (N.D.1987), this Court explained the scope of review in administrative appeals as follows:

"The courts must affirm an administrative agency decision unless one of the six items listed in § 28–32–19, N.D.C.C., is present. *Triangle Oilfield Services, Inc. v. Hagen*, 373 N.W.2d 413 (N.D. 1985); *In re Annexation of a Part of Donnybrook Public School Dist. No. 24*, 365 N.W.2d 514 (N.D.1985). We exercise restraint in reviewing the findings of an administrative agency. *Triangle Oilfield Services, Inc. v. Hagen*, supra, 373 N.W.2d at 415. In reviewing the factual basis of administrative orders, there are three critical questions: (1) are the findings of fact supported by a preponder-

---

**2.** The determination notice issued to Pickard contained a statement of facts which provided in part as follows:

"YOU VOLUNTARILY QUIT YOUR EMPLOYMENT. THE REASONS YOU HAVE PROVIDED ARE NOT CONSIDERED GOOD CAUSE ATTRIBUTABLE TO YOUR EMPLOYER. THEREFORE, YOU ARE DISQUALIFIED FROM BENEFITS."

**3.** Section 28–32–21, N.D.C.C., provides in part as follows:

"28–32–21. Review in supreme court. The judgment of the district court in an appeal from a decision of an administrative agency may be reviewed in the supreme court on appeal in the same manner as provided in section 28–32–19."

ance of the evidence; (2) are the conclusions of law sustained by the findings of fact; and (3) is the agency decision supported by the conclusions of law? *American State Bank, Etc. v. State Banking Board*, 289 N.W.2d 222, 225–226 (N.D.1980). '[W]e do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.' *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979)."

The appeals referee made the following findings of fact concerning Pickard's claim: "The claimant worked in automobile sales from April 15, 1986, until June 1, 1986. Thereafter, the claimant continued working for new owners as a finance and insurance manager. His last day of work was October 9, 1986. The claimant did not pass a test to become licensed in selling insurance. He continued working in credit and financing of car sales. The employer wanted the claimant to move into the finance and insurance area and train to sell insurance pending his licensure. On October 9, 1986, the claimant refused to take the training that was offered by the employer. When confronted by the general manager, it was verified that the claimant would not complete the employer's training in finance and insurance. The claimant turned in his keys and left."

The appeals referee thus found that Pickard was moved into the finance and insurance area for the purpose of training and that the training would have possibly helped Pickard obtain his license. Therefore, the request by the employer that Pickard take this training was not unreasonable under the circumstances. The appeals referee concluded that Pickard voluntarily quit his employment without good cause attributable to his employer and, therefore, denied Pickard's benefits on the basis of Section 52–06–02(1) of the North Dakota Century Code.

After review of the record, we believe that a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.

We conclude that the findings of Job Service are supported by a preponderance of the evidence, that the conclusions of law are supported by the findings of fact, and that the decision of Job Service is supported by its conclusions of law. Accordingly, we affirm the judgment of the district court.

LEVINE, Acting C.J., MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of ERICKSTAD, C.J., disqualified.