In the Matter of Ray **PRETTYMAN** and LaVerne Prettyman d/b/a Prettyman Honey Farms Route 1—Box 94 Dunseith, North Dakota 58329.

Civ. No. 870055.

Supreme Court of North Dakota.

Aug. 12, 1987.

Allen C. Hoberg, Asst. Atty. Gen., Office of Atty. Gen., Bismarck, for appellant North Dakota Dept. of Agriculture.

Rausch & Rausch, Bismarck, and John E. Mack, New London, Minn., for Ray & La-Verne Prettyman, argued by James P. Rausch.

LEVINE, Justice.

The Commissioner of Agriculture (Commissioner) appeals from a district court judgment entered in an appeal by Ray and LaVerne Prettyman (Prettyman) from a decision of the Commissioner. We affirm in part, reverse in part, and remand for entry of judgment.

Many of the facts underlying this matter are stated in *State ex rel. Jones v. Prettyman*, 385 N.W.2d 489 (N.D.1986), and will not be repeated here. An administrative hearing was held on June 25, 1985. The administrative hearing officer found that: (1) Prettyman had applied for a 1985 beekeeper's license, but had not yet been issued one; (2) on or about May 28, 1985, bees owned, managed, or leased by Prettyman had entered North Dakota; (3) on or about May 29, 1985, the Commissioner issued an emergency order requiring, among other things, that Prettyman follow the instructions of the state bee inspector; (4) a June 1, 1985, inspection disclosed that Prettyman bees were being moved in violation of the Commissioner's emergency order; (5) Prettyman did not obtain an entrance permit from the state bee inspector for transporting bees into North Dakota for the 1985 beekeeping season; (6) Prettyman did not submit a certificate of health; and (7) a Florida inspection found Pretty-

man bees to be infested with the honey bee tracheal mite. Upon the hearing officer's recommendation, the Commissioner on July 3, 1985, ordered that Prettyman pay a civil penalty of $5,000 and that Prettyman not be granted a beekeeper's license for the 1985 beekeeping season.

Upon appeal, the district court reversed the Commissioner's order in part, ordered that the civil penalty be "modified to not exceed $1500," and remanded the matter to the Commissioner. Upon remand, the Commissioner ordered Prettyman to pay a civil penalty of $1,000. A district court judgment was entered that adjudged:

"1. That part of the Commissioner of Agriculture's July 3, 1985, order refusing to issue a 1985 license to Ray Prettyman and LaVerne Prettyman is reversed.

"2. The finding and conclusion that Ray Prettyman and LaVerne Prettyman brought bees or equipment into North Dakota without obtaining an entrance permit in violation of N.D.C.C. §§ 4–12.-2–04 and 4–12.2–20 is reversed.

"3. The finding and conclusion that Ray Prettyman and LaVerne Prettyman transported bees or equipment into this state without submitting to the state bee inspector a copy of a certificate of health issued by the official bee inspector or equivalent official in another state or country, for the 1985 beekeeping season, in violation of N.D.C.C. § 4–12.2–20 is reversed.

"4. The finding and conclusion that the Commissioner of Agriculture properly issued an emergency order concerning the beekeeping activities of Ray Prettyman and LaVerne Prettyman, effective May 29, 1985, and subsequent to that date, Ray Prettyman and LaVerne Prettyman, transported, disbursed [sic], or distributed bees owned, leased, or managed by them in violation of the Commissioner of Agriculture's emergency order and failed to follow the instructions of the state bee inspector, in violation of N.D.C.C. § 4–12.2–16 is affirmed.

"5. For violation of N.D.C.C. § 4–12.-2–16, as affirmed by section 4 above, Ray Prettyman and LaVerne Prettyman are ordered to pay to the State of North Dakota a civil penalty in the amount of $1,000."

On appeal, the Commissioner contends that the district court erred in (1) reversing the denial of a 1985 beekeeping license; (2) reversing the findings that Prettyman brought bees or equipment into North Dakota without obtaining an entrance permit and without submitting a health certificate; and (3) ordering that the civil penalty be modified on remand to not exceed $1,500.

Section 28–32–19, N.D.C.C., which governs the scope of review of administrative agency decisions in both the district court and in this court, provides:

"*28–32–19. Scope of and procedure on appeal from determination of administrative agency.* The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court.... After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:

"1. The decision or determination is not in accordance with the law.

"2. The decision is in violation of the constitutional rights of the appellant.

"3. Provisions of this chapter have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions and decision of the agency are not supported by its findings of fact...."

█ The courts must affirm an administrative agency decision unless one of the six items listed in § 28–32–19, N.D.C.C., is present. *Triangle Oilfield Services, Inc. v. Hagen,* 373 N.W.2d 413 (N.D.1985); *In re Annexation of a Part of Donnybrook Public School Dist. No. 24,* 365 N.W.2d 514 (N.D.1985). We exercise restraint in reviewing the findings of an administrative

agency. *Triangle Oilfield Services, Inc. v. Hagen, supra,* 373 N.W.2d at 415. In reviewing the factual basis of administrative orders, there are three critical questions: (1) are the findings of fact supported by a preponderance of the evidence; (2) are the conclusions of law sustained by the findings of fact; and (3) is the agency decision supported by the conclusions of law? *American State Bank, Etc. v. State Banking Board,* 289 N.W.2d 222, 225–226 (N.D. 1980). "[W]e do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979).

■ Prettyman asserts that the district court's reversal of the Commissioner's order denying a 1985 beekeeper's license is moot. The Commissioner argues that the issue is not moot because the decision will have important consequences in the future administration of the beekeeping license statutes.

An appeal will not be dismissed as moot where, as in this case, the matter in controversy is one of great public interest, involves the authority and power of public officials, and is "capable of repetition, yet evading review." *Forum Publishing Co. v. City of Fargo,* 391 N.W.2d 169, 170 (N.D.1986) [quoting *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976) ]. We conclude that this issue is not moot.

In reversing the Commissioner's order that Prettyman not be issued a beekeeping license for 1985, the district court determined that the Commissioner was obligated to grant the license and that the Commissioner's "proper legal approach should have been to revoke the license" once granted. Our attention has not been drawn to any statute authorizing the Commissioner to revoke a license, however, and the Commissioner conceded in his brief that he has no authority to revoke a license.

■ Section 4–12.2–22(4), N.D.C.C., provides that "[t]he commissioner may refuse to grant a license to any person found guilty of repeated violations of this chapter or rules adopted under this chapter." We disagree with the district court's conclusion that "[t]his sentence must mean only violations while previously licensed, . . . and not . . . violations which occur while waiting for the license to be issued." In our view, the statutory language is sufficiently broad to encompass not only violations occurring while previously licensed, but also violations occurring while an applicant is waiting for a license to be issued in the ordinary course of business. The Commissioner's decision to deny a 1985 license is supported by the agency's findings of fact and conclusions of law. The district court therefore erred in reversing that part of the Commissioner's order denying the 1985 license.

■ The Commissioner argues that the district court erred in reversing the findings that Prettyman brought bees or equipment into North Dakota in 1985 without securing an entrance permit and did not submit a certificate of health.[1] The hear-

---

1. Sections 4–12.2–04 and 4–12.2–20, N.D.C.C., require entrance permits and certificates of health before bringing bees or equipment into this state. Section 4–12.2–04, N.D.C.C., provides in relevant part:

"... No person may bring bees or equipment into this state without obtaining an entrance permit pursuant to section 4–12.2–20."

Section 4–12.2–20, N.D.C.C., provides:

"*4–12.2–20. Shipment into state—Permit—Fees.* Before any person transports any bees or used equipment into this state, that person must obtain an entrance permit from the bee inspector. The applicant for an entrance permit shall submit:

"1. A copy of the certificate of health issued by the official bee inspector, or equivalent official in another state or country, certifying the bees and equipment have been inspected within ninety days prior to the date of shipment and have been found to be free from any contagious or infectious disease.

"2. A complete description of the shipment.

"3. Such other information as may be required by rule.

"Immediately upon the arrival in this state of any bees or equipment, the beekeeper shall comply with this chapter."

ing officer conducting the administrative hearing found that Prettyman did not submit a copy of a certificate of health issued by the official bee inspector, or equivalent official, in another state and did not obtain an entrance permit from the state bee inspector before transporting bees or equipment into North Dakota in 1985. There was evidence in the record from which "a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence." *Power Fuels, Inc. v. Elkin,* *supra,* 283 N.W.2d at 220. The district court, therefore, erred in reversing those findings.

The Commissioner asserts that the district court erred in ordering that the civil penalty be modified on remand to not exceed $1,500. Upon remand, the Commissioner ordered Prettyman to pay a civil penalty of $1,000. Prettyman argues that "[t]he Commissioner cannot impeach his own Order upon Appeal."

In ordering that the civil penalty be modified to not exceed $1,500, the district court stated, among other things:

"The Court concludes that the agency has abused its discretion as to levying this $5000 sanction.

"The Court's conclusion would be the same even if it had affirmed the entire proceeding.

"For their 1985 conduct, the Prettymans have been fined $5000, face a Class A misdemeanor charge filed against them, and in the civil action have had their bees destroyed while facing a statute that says they are not entitled to compensation for the value of the bees destroyed.

"The fine in this case illustrates overkill and abuse of discretion."

The destruction of bees is authorized by statute. *See, e.g.,* §§ 4–12.2–16 and 4–12.-2–21, N.D.C.C. The destruction of the Prettyman bees was carried out pursuant to the state's police power to prevent the spread of disease, not as a penalty for violation of the beekeeping laws, rules, or instructions of the state bee inspector.

Generally, if authorized by law and justified in fact, imposition of a regulatory sanction by an administrative agency is discretionary. *Wisdom v. State ex rel. N.D. Real Estate Comm'n,* 403 N.W.2d 19 (N.D.1987).

Section 4–12.2–22, N.D.C.C., specifically authorizes a civil penalty of up to $5,000 for each violation of Chapter 4–12.2, N.D. C.C., or rules adopted under that chapter, in addition to criminal sanctions. The Commissioner imposed a civil penalty of $5,000 on the basis of three determinations:

"1. That Ray Prettyman and LaVerne Prettyman brought bees or equipment into this state without obtaining an entrance permit in violation of N.D.C.C. §§ 4–12.2–04 and 4–12.2–20.

"2. That Ray Prettyman and LaVerne Prettyman transported bees or equipment into this state without submitting to the State Bee Inspector a copy of a certificate of health issued by the official bee inspector, or equivalent official in another state or country, for the 1985 beekeeping season, in violation of N.D. C.C. § 4–12.2–20.

"3. That the Commissioner of Agriculture properly issued an Emergency Order concerning the activities of Ray Prettyman and LaVerne Prettyman, effective May 29, 1985, and that subsequent to that date, Ray Prettyman and LaVerne Prettyman moved, transported, dispersed, or distributed bees owned, leased, or managed by them in violation of the Commissioner of Agriculture's Emergency Order and failed to follow the instructions of the State Bee Inspector in violation of N.D.C.C. § 4–12.2–16."

We have concluded that the district court erred in reversing the findings relating to the entrance permit and the health certificate. The district court properly affirmed the finding relating to violation of the emergency order and failure to follow the instructions of the state bee inspector.

Prettyman knew that an entrance permit was required before bringing bees or equipment into North Dakota. Prettyman knew that they were required to submit a copy of a health certificate. Prettyman

knew that a Florida inspection had found bees belonging to them to be infested with the honey bee tracheal mite. Prettyman knew from the Commissioner's Emergency Order that, at least in the opinion of the Commissioner:

"4. That the presence of bees belonging to Ray and LaVerne Prettyman in North Dakota constitutes a hazard or threat to disease control in the whole beekeeping industry of the state.

"5. That immediate action is necessary in the public interest to prevent the possible spread of honey bee trachial [sic] mites in the beekeeping industry in North Dakota."

Prettyman nevertheless transported bees into North Dakota without an entrance permit and without submitting a certificate of health, moved bees in violation of the Commissioner's Emergency Order, and failed to follow the quarantine instructions of the state beekeeper. We believe those activities constituted serious violations subjecting the bees, equipment, and livelihoods of other beekeepers to risk from the potential spread of disease and fully justified the $5,000 civil penalty imposed by the Commissioner. Assessment of the penalty was authorized by law and justified in fact. We conclude that the Commissioner did not abuse his discretion in imposing the civil penalty and that the district court erred in ordering that the civil penalty be modified to not exceed $1,500.

The fact that the Commissioner on remand imposed a civil penalty of only $1,000 rather than the $1,500 authorized by the district court is irrelevant. We have already concluded that the Commissioner's original order for a $5,000 civil penalty was fully justified and that the district court erred in ordering that it be modified to not exceed $1,500.

The district court judgment is affirmed insofar as it affirmed the Commissioner's findings relating to violation of his emergency order and the failure to follow instructions of the state bee inspector. The judgment, is in all other respects, reversed and the matter is remanded for entry of judgment affirming the Commissioner's original order of July 3, 1985.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.