**Leo P. FERCHO, Appellee,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
**Appellant,**

**and**

**Transystems, Inc., Appellant.**

**Civ. Nos. 880286, 880297.**

Supreme Court of North Dakota.

May 17, 1989.

*Entze,* 272 N.W.2d 292 (N.D.1978).

Chapman & Chapman, Bismarck, for appellee, argued by Charles L. Chapman.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellant North Dakota Workers Compensation Bureau.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for appellant Transystems, Inc., argued by Pamela J. Hermes.

MESCHKE, Justice.

The North Dakota Workers Compensation Bureau and Transystems, Inc., appealed from a district court judgment reversing a Bureau order denying benefits beyond those already paid. We reverse and remand for entry of a judgment affirming the Bureau's order.

Transystems employed Leo P. Fercho as a truck driver. Fercho claimed workers compensation benefits for a back injury from assisting in the installation of a truck spring on October 25, 1986. Fercho had surgery on an extruded disc in his back on December 3, 1986. At first, the Bureau awarded benefits. After a rehearing sought by Transystems, the Bureau determined:

> "Claimant's testimony at hearing and explanation of his false statement with regard to his prior back problems were contradictory. His contradictory statements discredit his testimony.
>
> \* \* \* \* \* \*
>
> "The greater weight of the evidence as a whole fails to establish that claimant injured himself at work on October 25, 1986."

The Bureau concluded:

> "Claimant failed to prove injury by accident arising out of and in the course of his employment.
>
> "Claimant has failed to prove that his condition is causally related to his employment with reasonable medical certainty."

The Bureau ordered that "further benefits beyond those already paid are in all things denied."

On appeal, the district court held that the Bureau imposed a greater burden of proof upon Fercho than the law allows. The district court ruled that the "Bureau's determination that Fercho's injury did not occur during the course of employment [was] not supported by a preponderance of the evidence," that the Bureau's conclusions and decision were not supported by its findings of fact, and that "Fercho made no false statement upon which this claim was based, pursuant to the provisions of § 65–05–33." Accordingly, the district court reversed the Bureau's decision. Transystems and the Bureau appealed.

■ The Bureau did not impose upon Fercho a greater burden of proof than the law allows. "A compensation award cannot be made on surmise, conjecture or mere guess." *Inglis v. North Dakota Workmen's Compensation Bureau*, 312 N.W.2d 318, 322 (N.D.1981). "A claimant has the burden of proving his right to participate in benefits" and "must show that he or she was actually injured in the course of employment." *Id.*, at 322; § 65–01–11, North Dakota Century Code. Fercho had to show

that his back injury occurred in the course of his employment.

■ Section 28–32–19, N.D.C.C., requires affirmance of an administrative agency decision unless one of six conditions is present. *Matter of Prettyman*, 410 N.W. 2d 533 (N.D.1987). In this case, we must affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence or unless its conclusions of law are not supported by its findings. *Inglis v. North Dakota Workmen's Compensation Bureau, supra.* "We review the findings of the Bureau and not the findings of the district court." *Robert v. North Dakota Workmen's Compensation Bureau*, 321 N.W.2d 501 (N.D. 1982). In assessing whether a preponderance of the evidence supported the Bureau's findings, we consider whether the Bureau could have reasonably reached its factual determinations by the greater weight of all the evidence. *Claim of Murray*, 431 N.W.2d 651 (N.D.1988); *Power Fuels, Inc. v. Elkin*, 283, N.W.2d 214, 220 (N.D.1979).

Fercho testified that he injured his back on October 25, 1986, while assisting Transystems' mechanic, William Bird, replace a spring on a truck. Fercho testified that he carried the spring, which weighed 80 to 90 pounds, to the truck. Fercho told his wife and two coworkers that he thought he had hurt his back but said he did not report it for nearly a month because "I didn't think it was that serious." Fercho did not seek treatment until November 10, 1986. Fercho claimed workers compensation benefits on November 26, 1986.

William Bird testified that Fercho did not lift or carry the spring and did not "give any outcry or other indication that he had injured himself." Between October 25 and November 17, Bird did not observe anything about Fercho indicating that he had been injured. Other employees also testified that they did not observe anything about Fercho between October 25 and November 17 that indicated that he had been injured. Thus, there was substantial evidence that Fercho had not been injured in the course of his employment.

Fercho worked his normal 12–hour days until November 17, when he was suspended for driving violations. A Transystems supervisor testified that, because of a prior incident, Fercho "was on probation, and on any other incident he would be terminated immediately." Fercho's employment was terminated by letter of November 28, effective November 24.

Dennis Greany, Transystems' Safety Supervisor, testified that when Fercho gave him a work release from Dr. Ottinger on November 20, he telephoned Dr. Ottinger, who told him that "this is an ongoing thing with Leo." The testimony and other evidence in the record reveals that Fercho has had a long history of back problems for which he has been treated by a number of chiropractors and physicians for many years. Dr. Kelly, Fercho's surgeon, testified that Fercho's injury was "compatible with the history given ... of having been lifting a heavy spring;" was "compatible with a single incident of trauma;" and that "[a]ny specific movement can cause an extruded disc. Bending over to pick up a sheet of paper can cause an extruded fragment." Dr. Kelly further testified that he had "no way of knowing the actual cause of that injury other than Mr. Fercho's statement ... that it occurred while he was working." Fairly weighed, the sum of this evidence subtracted significantly from Fercho's claim.

In responding to questions from a Bureau investigator and to Transystems' interrogatories, Fercho failed to disclose the nature and extent of his prior back problems. To illustrate, Interrogatory 21 asked: "Did you have any pre-existing physical, mental, or nervous condition prior to the incident which is the subject matter of this claim?" Fercho answered "No." Interrogatory 25 asked in part: "Have you ever previously filed an action or claim against any other person, corporation, or Workmen's Compensation Commission for personal injuries?" Fercho answered "No." Later, Fercho supplemented his answer by stating that he filed a "1960 claim against Unsatisfied Judgment Fund for broken jaw suffered in auto accident."

**510**

Fercho did not disclose his history of back problems.

In fact, Fercho had filed a claim with the Bureau for an alleged work injury to his back in 1976. In 1984, Fercho filed a claim with the Veterans Administration, stating:

"In 1956, while serving on the U.S. Naval Air Force Base ... I slipped and severely damaged my back.

\* \* \* \* \* \*

"Following honorable discharge from the U.S. Navy, I pursued a career of semi-truck driving and operating heavy construction equipment. I was a long-haul driver. Throughout the years, this proved to be an intermittent career, as I would drive for a while and seek the nearest chiropractor or M.D. to alleviate my pain and then continue my trip. Thus, various doctors throughout the U.S. have treated me. I could count on being laid up periodically for at least two week periods of time at a doctor's orders to heal my back. At best, this was only a temporary reprieve.

\* \* \* \* \* \*

"As the years continued, I noticed that driving and operating heavy equipment was steadily becoming a career for which I was physically disabled. My last attempt at this was during the summer of 1983, when I drove a semi-truck for about four weeks and found that I could *not* continue in this line of work, due to the pain I endured. I am 100% disabled for driving semi-truck or operating heavy equipment...."

Fercho sought to explain his statements to the Veterans Administration: "There was some added on;" "I would say it was stretched out;" "100 percent disability was exaggerated some;" and "I would have to say I wasn't really disabled at that point." Fercho's lack of disclosure and later explanations seriously affected his credibility.

From our review of the record, we conclude that, on both Fercho's credibility and his failure to establish that he injured himself at work on October 25, 1986, the Bureau could have reasonably reached its factual determinations by the greater weight of all the evidence. *Claim of Murray, supra; Power Fuels, Inc. v. Elkin, supra.* The Bureau's findings of fact were supported by a preponderance of the evidence, the findings supported the Bureau's conclusions of law, and the conclusions supported the Bureau's decision to deny benefits beyond those already paid. We conclude that the district court should have affirmed the Bureau's order.

Our conclusion makes it unnecessary to address other issues raised on this appeal. The judgment is reversed and the matter remanded to the district court for entry of a judgment affirming the Bureau's order.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.