1997 ND 243

Dan HAUSAUER, Claimant
and Appellant,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Appellee,

and

Coca–Cola West, Respondent.

Civil No. 970128.

Supreme Court of North Dakota.

Dec. 19, 1997.

Rehearing Denied Jan. 20, 1998.

nection with his claim. We, therefore, affirm the decision.

## I.

[¶ 2] On November 14, 1995, Hausauer injured his spine as a result of a fall while employed by Coca–Cola as a route merchandiser. On November 30, 1995, Hausauer filed an initial "Worker's Claim For Injury" form for workers' compensation benefits. Because Hausauer failed to sign the initial claim form, the Workers Compensation Bureau sent him a second claim form and a "Prior Injury Questionnaire." Hausauer completed the Prior Injury Questionnaire, and on December 13, 1995, Hausauer filed both the signed claim form and the Prior Injury Questionnaire with the Bureau.

[¶ 3] On the initial claim form, Hausauer indicated he had injured his middle and lower back and left hip. On the second signed claim form, he stated the exact part of his body injured was his lower back. Both claim forms, after asking what part of the body was injured, ask "[h]ave you had prior problems or injuries to that part of the body?" [1] On both forms, Hausauer checked the box stating, "No."

[¶ 4] Hausauer also answered two relevant questions on the one-page Prior Injury Questionnaire, which he filed with the Bureau. The first question asks, "[h]ave you ever had any prior problems or injuries with the area of the body injured?" Hausauer checked the box indicating, "No." The next question asks, "[h]ave you ever had medical or chiropractic treatment for that part of the body prior to your current treatment?" Hausauer again checked the box stating, "No."

[¶ 5] Upon further investigation, the Bureau discovered Hausauer made two previous workers' compensation claims regarding his back in 1989 and 1990, received previous chiropractic treatment for his back in 1989, 1990, 1994, and September 1995, and had

Dean J. Haas (argued), of Dietz, Little & Haas, Bismarck, for claimant and appellant.

Lawrence E. King (argued), Special Assistant Attorney General, of Zuger Kirmis & Smith, Bismarck, for appellee.

Steven L. Latham (appeared), of Wheeler Wolf, Bismarck, for respondent.

MARING, Justice.

[¶ 1] Dan Hausauer appeals from a district court judgment affirming a Workers Compensation Bureau order dismissing his claim for benefits. The Bureau could have reasonably reached its factual conclusion that Hausauer willfully made false statements in con-

---

1. We note, as we did in *Dean v. North Dakota Workers Comp. Bureau*, 1997 ND 165, ¶ 17, 567 N.W.2d 626, these questions are overly broad; that is, "[t]here is no limitation of the period of time or the severity of a 'prior problem[ ]' to an 'exact part' of the body." Because they are so broad, further investigation should follow when suspicious answers are given on the claim form. *Id.* at ¶ 19. Further investigation did occur here when the Bureau sent Hausauer the Prior Injury Questionnaire.

been diagnosed with degenerative disc disease of the back in March 1995. The record below reveals the following relevant facts.

[¶ 6] On October 30, 1989, Hausauer injured his right, middle back while working for a previous employer. A chiropractor treated him on three occasions subsequent to this injury, and the Bureau accepted Hausauer's claim and paid benefits. On July 3, 1990, Hausauer injured his left leg while working for the same employer and consulted a physician regarding this injury. This physician noted Hausauer also had some hip and low back discomfort at that time. Hausauer then received chiropractic treatment on eight occasions between July 3, 1990, and August 1, 1990. The Bureau again accepted Hausauer's claim and paid benefits.

[¶ 7] On February 21, 1994, Hausauer received additional chiropractic treatment for back pain. Hausauer again received chiropractic treatment for his back on January 7 and January 9, 1995. In January of 1995, Hausauer also received treatment from his family physician, and on January 24, 1995, his back pain was noted as probably muscular and secondary to a history of strep pharyngitis.

[¶ 8] Hausauer sought subsequent treatment from his family physician after again experiencing back pain in February and March of 1995. In March 1995, lumbo-sacral x-rays were completed and revealed apparent degenerative changes in Hausauer's spine. Based on the March 23, 1995, x-rays, Hausauer's physician noted "[s]light disk space narrowing at L4–L5 with some minor end plate irregularity of L1, consistent with old discitis, questionable spondylolisthesis at L4." Hausauer met with his physician the next week, on March 30, 1995, to discuss the results of the x-rays. At this time, his physician also noted Hausauer had "some degenerative changes in his disks at the T12–L1 interspace suggestive of some old discitis which is very consistent with his symptoms."

[¶ 9] Hausauer sought treatment again on August 7, 1995, after he telephoned his physician indicating his back pain had started again. Hausauer next received chiropractic treatment for low back soreness on September 20, 1995, less than two months before his accident on November 14, 1995.

[¶ 10] After considering Hausauer's history of treatment, the Bureau dismissed Hausauer's claim on March 7, 1996, for the November 14, 1995, injury concluding Hausauer had willfully made a false statement about his prior back problems. Hausauer requested a hearing. After the hearing, the administrative law judge issued the recommended findings of fact, conclusions of law, and order on November 25, 1996, denying Hausauer's claim. The Bureau affirmed the order on December 11, 1996. Hausauer appealed to the district court, and the district court affirmed the Bureau's decision. Hausauer appeals from the district court judgment.

## II.

[¶ 11] On appeal, we review the Bureau's decision, not the decision of the district court. *Dean v. North Dakota Workers Comp. Bureau*, 1997 ND 165, ¶ 14, 567 N.W.2d 626. Under N.D.C.C. § 28–32–19, we affirm the Bureau's decision unless:

> its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law.

*Id.* (citing *Lucier v. North Dakota Workers Comp. Bureau*, 556 N.W.2d 56, 59 (N.D. 1996)). In reviewing the Bureau's findings of fact, we do not make independent findings, nor do we substitute our judgment for the Bureau's judgment. *Id.* We determine only "whether the Bureau reasonably reached its factual conclusions from the weight of the evidence on the entire record." *Id.*

[¶ 12] The Bureau denied Hausauer's claim for benefits based upon a finding that Hausauer had willfully made false statements under N.D.C.C. § 65–05–33.[2] To trigger the

---

2. At the time of Hausauer's injury, N.D.C.C. § 65–05–33 provided:

Any person claiming benefits or payment for services under this title, who willfully files a false claim or makes a false statement, or willfully fails to notify the bureau as to the receipt of income, or an increase in income, from employment, after the issuance of an order awarding

statutory consequences under § 65–05–33 for a false claim or false statement by a person claiming benefits or payment of services, the Bureau must prove: (1) there is a false claim or false statement; (2) the false claim or false statement is willfully made; and (3) the false claim or false statement is made in connection with any claim or application under this title. We additionally require the Bureau to prove the false statement is material. *Dean*, 1997 ND 165, ¶ 15, 567 N.W.2d 626 (citing *F.O.E. Aerie 2337 v. Workers Comp. Bureau*, 464 N.W.2d 197, 201 (N.D. 1990)). We have defined "willfully" in the context of this statute's civil penalties as conduct engaged in intentionally, not inadvertently. *Id.*

■ [¶ 13] Once triggered, N.D.C.C. § 65–05–33 provides for both criminal and civil penalties. The civil penalties include reimbursement to the Bureau "for any benefits paid based upon the false claim or false statement" and "forfeit[ure of] any additional benefits relative to that injury." N.D.C.C. § 65–05–33(2). In order to trigger the civil penalties, the Bureau must prove the elements of N.D.C.C. § 65–05–33 by a preponderance of the evidence. *See F.O.E. Aerie 2337*, 464 N.W.2d at 200.

■ [¶ 14] Hausauer argues he did not intend to deceive the Bureau, and the Bureau has the burden of proving fraud. Some states have workers' compensation fraud statutes and require proof of intent to defraud by knowingly misrepresenting, misstating, or failing to disclose any material fact in obtaining benefits. *See, e.g.,* Minn.Stat. Ann.

§ 176.178 (West 1993 & Supp.1997). Our statute, N.D.C.C. § 65–05–33, merely requires the Bureau to prove the false statement was "willfully" made "in connection with any claim or application." Thus, once it is proved a false statement has been made, the Bureau must then prove the act of making the false statement was done intentionally. *See Dean*, 1997 ND 165, ¶ 15, 567 N.W.2d 626; *F.O.E. Aerie 2337*, 464 N.W.2d at 201. The Bureau must prove the claimant's state of mind was purposeful in making the false statement. Because a state of mind can rarely be proven directly, it must be inferred from conduct and circumstantial evidence. *Dean*, 1997 ND 165, ¶ 20, 567 N.W.2d 626 (citing *State v. Miller*, 466 N.W.2d 128, 134 (N.D.1991)).

■ [¶ 15] In this case, the administrative law judge found Hausauer had an extensive history of back problems. The judge further found Hausauer's testimony was not credible when he testified his prior problems and treatment slipped his mind while filling out the various workers' compensation forms. The record below contains information regarding Hausauer's 1989 and 1990 workers' compensation claims, his previous chiropractic treatment for his low back, and his previous diagnosis of degenerative disc disease. Hausauer received chiropractic treatment less than two months before his November 14, 1995, injury. Hausauer also admitted he was informed of his degenerative disc condition in March 1995. From this entire record, the fact-finder could reasonably infer from the previous reports of back pain and treat-

---

benefits, in connection with any claim or application under this title is guilty of a class A misdemeanor, but if the act is committed to obtain, or pursuant to a scheme to obtain, more than five hundred dollars in benefits or services, the offense is a class C felony. Provided further that:

1. For the purposes of this section, "statement" includes any testimony, claim form, notice, proof of injury, proof of return to work status, bill for services, diagnosis, prescription, hospital or doctor records, x-ray, test results, or other evidence of loss, injury, or expense.

2. In addition to any other penalties provided by law, the person claiming benefits or payment for services in violation of this section shall reimburse the bureau for any benefits

paid based upon the false claim or false statement and, if applicable, under section 65–05–29 and shall forfeit any additional benefits relative to that injury.

The legislative history indicates the word "willfully" first appeared in the 1989 statute and was added at the request of the N.D. Hospital Association so that hospital employees submitting medical bills to the Workers Compensation Bureau would not be criminally liable if a bill was false. *See Hearing on S.B. 2237 Before the House Committee on Industry, Business & Labor,* 51st Legislative Assembly (N.D.1989) (testimony of Harold Anderson, representing the N.D. Hospital Association).

This section was amended subsequent to Hausauer's injury. *See* 1997 N.D. Sess. Laws ch. 534, § 4.

ment that Hausauer willfully and intentionally made false statements when he failed to reveal this information on his claim forms and prior injury questionnaire.

[¶ 16] Hausauer next argues his failure to disclose his prior back problems is not material to the Bureau's compensability determination. We require the Bureau to prove the materiality of a willful false statement for both the civil penalty of reimbursement of benefits paid and the civil penalty of forfeiture of future benefits. *Dean*, 1997 ND 165, ¶ 15, 567 N.W.2d 626; *F.O.E. Aerie 2337*, 464 N.W.2d at 200–01. In *F.O.E. Aerie 2337*, however, we said a false statement may be sufficiently material to support forfeiture of future benefits, even though it was not sufficiently material to cause the Bureau to pay initial benefits or to require the reimbursement of benefits paid. 464 N.W.2d at 201. We have thus adopted differing materiality tests dependent upon which civil penalty is sought by the Bureau.

[¶ 17] If the Bureau is seeking reimbursement for benefits paid, materiality requires the Bureau to prove the false claim or false statement caused the benefits to be paid in error. This causal requirement is suggested by N.D.C.C. § 65–05–33(2), which states, "the person claiming benefits or payment for services in violation of this section shall reimburse the bureau for any benefits *paid based upon* the false claim or false statement." (Emphasis added.) No such causal connection is required for a false statement or false claim to be material for the forfeiture of future benefits.

[¶ 18] If the Bureau is seeking forfeiture of future benefits, a false claim or false statement is sufficiently material if it is a statement which could have misled the Bureau or medical experts in a determination of the claim. *F.O.E. Aerie 2337*, 464 N.W.2d at 201 (VandeWalle, J., concurring specially). We have previously stated, "whether [a] current problem is due to a work-related injury or to a previous injury or condition, is clearly material to a worker's claim for benefits. Indeed, giving false information in this area of inquiry 'strikes at the heart of the reason for enactment' of N.D.C.C. § 65–05–33." *Dean*, 1997 ND 165, ¶ 18, 567 N.W.2d 626 (quoting

*F.O.E. Aerie 2337*, 464 N.W.2d at 201). Although the administrative law judge did not make a specific finding of materiality, the record of Hausauer's prior back problems is undisputed and material to the Bureau's determination of the compensability of his claim for workers' compensation benefits based on a back injury. In this case, Hausauer's failure to report his prior injuries and treatment for his back could have misled the Bureau in its determination of his claim for future benefits. His false statement was sufficiently material, so as to constitute a material false statement for the forfeiture of future benefits as contemplated under N.D.C.C. § 65–05–33.

### III.

[¶ 19] We conclude the Bureau reasonably reached its factual conclusion that Hausauer willfully made false statements in connection with his claim for benefits from the weight of the evidence on the entire record. We affirm the Bureau's dismissal of Hausauer's claim for benefits.

[¶ 20] VANDE WALLE, C.J., and NEUMANN, MESCHKE and SANDSTROM, JJ., concur.

