Filed 2/15/01 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2001 ND 32

Clyde Aalund, Claimant and Appellant

v.

North Dakota Workers Compensation Bureau, Appellee

No. 20000208

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Steven L. Latham, Wheeler Wolf, P.O. Box 2056, Bismarck, N.D. 58502-

2056, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, P.O. Box 1695, Bismarck, N.D. 58502-1695, for appellee.

Aalund v. North Dakota Workers Comp.

No. 20000208

VandeWalle, Chief Justice.

[¶1] Clyde Aalund appealed a judgment affirming a Workers Compensation Bureau order adopting an administrative law judge’s recommendation that he willfully made material, false statements on reimbursement claims to the Bureau.  We hold the Bureau did not err in admitting deposition testimony at the administrative hearing, and the Bureau’s finding Clyde willfully made material, false statements on reimbursement claims is supported by a preponderance of the evidence.  We affirm.

I

[¶2] The Bureau accepted Clyde’s claim for benefits for a work-related injury incurred in 1990.  Clyde’s brother, Paul Aalund, had suffered a work-related injury in 1987, and the Bureau also awarded Paul benefits for his injury.  In the early 1990s, Clyde and Paul were both receiving treatment for their injuries from Dr. Richard Nelson in Billings, Montana.  Clyde lived in Billings until 1995, when he moved to northwestern North Dakota.  Paul lived in northwestern North Dakota at all times relevant to this proceeding, and he traveled to Billings to see Dr. Nelson on a monthly basis.  In 1995, Clyde also began traveling to Billings to see Dr. Nelson on a monthly basis, and Clyde submitted requests for reimbursement for some of his  trips to Billings.  In August 1998, Paul requested reimbursement for some of his trips to see Dr. Nelson in the preceding year.  Clyde had submitted some requests for mileage reimbursement for the same year.  A comparison of their reimbursement requests indicated Paul and Clyde were each requesting mileage reimbursement for some trips to see Dr. Nelson on the same date.

[¶3] The Bureau hired a private investigator to videotape the Aalunds on a September 29, 1998 visit to Dr. Nelson in Billings.  On that date, the Bureau’s investigator videotaped Clyde and Paul arriving at Dr. Nelson’s office in the same vehicle, leaving in the same vehicle, and driving out of Billings in the same vehicle.  The videotape showed Paul was the driver and Clyde was a passenger in the vehicle.  Clyde admits he submitted requests to the Bureau for reimbursement for the September 29 trip, and he rode back to North Dakota with Paul.  The Bureau issued Clyde a notice of intention to discontinue benefits, denying him further benefits and ordering him to repay the Bureau for previously paid mileage reimbursement.  Clyde requested a hearing.  After a hearing, an administrative law judge issued a recommended decision finding Clyde had willfully made material false statements in claims to the Bureau for reimbursement, denying him any additional benefits for his 1990 injury, and ordering him to reimburse the Bureau for any benefits paid because of the false statements.  The Bureau adopted the recommendation, and the district court affirmed the Bureau’s decision.

II

[¶4] On appeal, we review the decision of the Bureau.  
Siewert v. North Dakota Workers Comp. Bureau
, 2000 ND 33, ¶ 18, 606 N.W.2d 501.  Under N.D.C.C. §§ 28-

32-19 and 28-32-21, we affirm the Bureau’s decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, its decision is not in accordance with the law or violates the claimant’s constitutional rights, or its rules or procedure deprived the claimant of a fair hearing.  
Negaard-Cooley v. North Dakota Workers Comp. Bureau
, 2000 ND 122, ¶ 7, 611 N.W.2d 898.  We exercise restraint in deciding whether the Bureau’s findings of fact are supported by a preponderance of the evidence, and we do not make independent findings or substitute our judgment for that of the Bureau; rather, we decide whether a reasoning mind reasonably could have decided the Bureau’s findings were proven by the weight of the evidence from the entire record.  
Renault v. North Dakota Workers Comp. Bureau
, 1999 ND 187, ¶ 16, 601 N.W.2d 580.  Questions of law, including the interpretation of a statute, are fully reviewable on appeal from a Bureau decision.  
Lawrence v. North Dakota Workers Comp. Bureau
, 2000 ND 60, ¶ 11, 608 N.W.2d 254.

III

[¶5] Clyde argues the Bureau erred in admitting into evidence two depositions that did not reflect the deponent had been given the admonition required by N.D.C.C. § 28-32-11, which provides, in part, that any hearing officer in an administrative proceeding has the power to administer oaths, and “[a]t the time the person presiding administers the oath to a witness, the person shall advise the witness of the provisions of subsection 1 of section 12.1-11-01 and of the maximum penalty for perjury.”  At the administrative hearing, the Bureau offered into evidence the depositions of Cameo Aalund and Geri Anderson.  Cameo Aalund is Clyde’s niece and Paul’s daughter, and Geri Anderson is Cameo’s mother and Paul’s former girlfriend.  The Bureau found Cameo Aalund’s testimony presented a credible picture that Clyde traveled with Paul and Cameo on some trips to Billings to see Dr. Nelson.  Clyde objected to the admission of the depositions, because both deposition transcripts did not reflect the deponents had been given the admonition required by N.D.C.C. § 28-32-11, and, instead, both deposition transcripts merely said the witness “being first duly sworn, was examined and testified as follows.”  Clyde argues Cameo Aalund’s deposition testimony was “incredulous,” and without the admonition, her deposition testimony was incompetent and inadmissible.

[¶6] The primary objective of statutory construction is to ascertain the Legislature’s intent.  
E.g.
, 
Ash v. Traynor
, 2000 ND 75, ¶ 6, 609 N.W.2d 96.  In ascertaining legislative intent, we initially look to the words used in statutes, giving them their plain and ordinary meaning.  
Id.
  If the language of a statute is clear and unambiguous, the legislative intent is presumed clear from the face of the statute.  
Lende v. North Dakota Workers Comp. Bureau
, 1997 ND 178, ¶ 20, 568 N.W.2d 755.  We construe statutes as a whole to give each provision meaning. 
Ash
, at ¶ 7.

[¶7] Section 28-32-11, N.D.C.C., specifically authorizes hearing officers to administer oaths to witnesses, and “[a]t the time the person presiding administers the oath to a witness, the person shall advise the witness of the provisions of subsection 1 of section 12.1-11-01 and of the maximum penalty for perjury.”  The plain language of N.D.C.C. § 28-32-11 says the “person presiding” shall advise the witness about the penalty for perjury.  The “person presiding” at an administrative proceeding is the hearing officer, 
see
 N.D.C.C. § 28-32-01(5), and hearing officers are not usually present at discovery depositions.   Construing N.D.C.C. § 28-32-11 to require the “person presiding” to be present and administer this admonition at a discovery deposition would impose an impractical administrative burden on hearing officers and unduly limit the use of depositions at administrative hearings.  Section 28-32-06, N.D.C.C., specifically says the admissibility of evidence in any administrative proceeding is governed by the rules of evidence and all testimony must be made under oath or affirmation.  
See also
 N.D.R.Evid. 603.  Section 28-32-09(1), N.D.C.C., contemplates discovery for administrative hearings in accordance with the North Dakota Rules of Civil Procedure.  Under N.D.R.Civ.P. 30(c), the officer taking a deposition shall put a witness “on oath.”  Rule 32(a)(3)(B), N.D.R.Civ.P., authorizes the use of depositions at trials and hearings so far as admissible under the rules of evidence, and depositions may be used against any party who was present at the taking of the deposition if the witness is more than 100 miles from the place of trial or hearing.  When these provisions are construed together, they do not preclude the introduction into evidence of otherwise admissible depositions which do not contain the admonition specified in N.D.C.C § 28-32-11.

[¶8] Here, Clyde does not argue the depositions were otherwise inadmissible as evidence at the administrative hearing.  Rather, his argument is based on the failure of the depositions to reflect the witnesses had been advised of the provisions of N.D.C.C. § 12.1-11-01(1) and the maximum penalty for perjury.  We conclude, however, N.D.C.C. § 28-32-11 does not prevent the introduction into evidence at an administrative hearing of otherwise admissible depositions which do not contain the admonition specified in N.D.C.C. § 28-32-11.  The Bureau adopted the administrative law judge’s decision holding the depositions were admissible under N.D.R.Civ.P. 32(a)(3)(B), because Clyde was present when the depositions were taken and the two witnesses resided more than 100 miles from the place of the hearing.  We conclude the Bureau did not err in admitting into evidence the depositions of Geri Anderson and Cameo Aadlund.

IV

[¶9] Clyde argues the Bureau erred in using the preponderance of evidence standard to find a violation of N.D.C.C. § 65-05-33.  He argues the Bureau must prove a civil violation of N.D.C.C. § 65-05-33 by clear and convincing evidence.

[¶10] In 
Hopfauf v. North Dakota Workers Comp. Bureau
, 1998 ND 40, ¶ 15, 575 N.W.2d 436, a claimant argued the Bureau was required to prove a civil violation of N.D.C.C. § 65-05-33 by clear and convincing evidence.  We said we had previously applied the preponderance-of-the-evidence standard to N.D.C.C. § 65-05-33.  
Hopfauf
, at ¶ 15 (citing 
Hausauer v. North Dakota Workers Compensation Bureau
, 1997 ND 243, ¶ 13, 572 N.W.2d 426).  In 
Hopfauf
, at ¶ 15, we declined to decide whether the Bureau must prove a civil violation of N.D.C.C. § 65-05-33 by clear and convincing evidence, because the claimant had failed to argue for the heightened standard of proof at the administrative hearing or in his specifications of error to the district court.

[¶11] Here, during Clyde’s opening statement at the administrative hearing, he said the Bureau’s burden was to prove he “made an intentional, false statement to obtain a benefit to which he would not otherwise be entitled, that burden is by clear and convincing evidence.”  During closing argument at the administrative hearing, Clyde argued the Bureau had “not shown by clear and convincing evidence that he intentionally attempted to defraud the Bureau.”  Clyde did not otherwise raise this issue in proceedings before the Bureau, and his specifications of error to the district court did not identify this issue.  Clyde’s brief to the district court included a superficial argument on this issue, but the district court’s decision did not address it.  [¶12] In 
Matter of Boschee
, 347 N.W.2d 331, 334-35, we said in appeals from  administrative agency decisions, courts may consider only those grounds identified in specifications of error under N.D.C.C. § 28-32-15, and the grounds specified must come within the provisions of N.D.C.C. § 28-32-19.  
See
 
Dodds v. North Dakota State Highway Comm’r
, 354 N.W.2d 165, 169 n.4 (N.D. 1984); 
Cf.
, 
Application of Ottertail Power Co.
, 354 N.W.2d 701, 702-04 (N.D. 1984) (stating under certain circumstances constitutional issue may be raised for the first time on appeal of administrative agency decision).  Clyde did not raise this issue in his specifications of error to the district court.  
Vetter v. North Dakota Workers Comp. Bureau
, 554 N.W.2d 451, 453-54 (N.D. 1996) (holding specifications of error in appeal from administrative agency decision must be reasonably specific and calculated to identify the matters truly at issue sufficient to fairly apprise the agency, other parties and the court of the particular issues claimed).  Moreover, he has not postured his argument in terms of a constitutional issue.  
See
 
Renault
, 1999 ND 187, ¶¶ 11-14, 601 N.W.2d 580 (declining to address claimant’s perfunctory argument that due process requires Bureau to prove civil violations of N.D.C.C. § 65-05-33 by clear and convincing evidence).  Under these circumstances, we conclude Clyde has failed to properly preserve this issue for our review, and we decline to further consider it.

V

[¶13] Clyde argues the Bureau failed to establish he willfully made material false statements in claims to the Bureau for reimbursement.

[¶14] In 
Hausauer
, 1997 ND 243, ¶¶ 12-13, 17-18, 572 N.W.2d 426 (citations omitted), we outlined the requirements for proving a false statement under N.D.C.C. § 65-05-33:

To trigger the statutory consequences under § 65-05-33 for a false claim or false statement by a person claiming benefits or payment of services, the Bureau must prove: (1) there is a false claim or false statement; (2) the false claim or false statement is willfully made; and  (3) the false claim or false statement is made in connection with any claim or application under this title.  We additionally require the Bureau to prove the false statement is material. . . .  We have defined “willfully” in the context of this statute’s civil penalties as conduct engaged in intentionally, not inadvertently. . . .

Once triggered, N.D.C.C. § 65-05-33 provides for both criminal and civil penalties.  The civil penalties include reimbursement to the Bureau “for any benefits paid based upon the false claim or false statement” and “forfeit[ure of] any additional benefits relative to that injury.”. . .  In order to trigger the civil penalties, the Bureau must prove the elements of N.D.C.C. § 65-05-33 by a preponderance of the evidence.

. . . .

If the Bureau is seeking reimbursement for benefits paid, materiality requires the Bureau to prove the false claim or false statement caused the benefits to be paid in error.

. . . .

If the Bureau is seeking forfeiture of future benefits, a false claim or false statement is sufficiently material if it is a statement which could have misled the Bureau or medical experts in a determination of the claim.

[¶15] An individual’s state of mind can rarely be proven directly and usually must be inferred from conduct and circumstantial evidence.  
E.g.
, 
Renault
, 1999 ND 187, ¶ 18, 601 N.W.2d 580.  The Bureau is responsible for assessing the credibility of witnesses and resolving conflicts in the evidence.  
Theige v. North Dakota Workers Comp. Bureau
, 1997 ND 160, ¶ 9, 567 N.W.2d 334.

[¶16] Here, the Bureau adopted the administrative law judge’s recommendation that the greater weight of the evidence showed Clyde traveled with Paul on several of their trips to Billings to see Dr. Nelson; both Clyde and Paul submitted requests for reimbursement for mileage and meals for some of those trips; and Clyde willfully made false statements on one or more reimbursement forms he submitted to the Bureau.  Clyde claims he did not willfully make false and material statements in his requests for reimbursement.  However, the Bureau adopted the administrative law judge’s findings that Cameo Aalund was a better witness and more credible than either Clyde or Paul Aalund; Clyde’s assertion that misstatements in his reimbursement requests were inadvertent was not credible; Cameo Aalund’s answers to questions were thoughtful and straightforward; and she identified specific dates when Clyde and Paul traveled to Billings together.  Cameo Aalund’s testimony and the circumstantial evidence support the Bureau’s decision that Clyde willfully made material false statements to the Bureau in requests for reimbursement.  The record supports the Bureau’s findings and conclusions, and we do not substitute our judgment for the Bureau’s decision.  
Renault
, 1999 ND 187, ¶ 22, 601 N.W.2d 580.  We conclude a reasoning mind reasonably could conclude Clyde willfully made material false statements in claims to the Bureau for reimbursement.  The Bureau’s findings are supported by a preponderance of the evidence.

VI

[¶17] Clyde argues his forfeiture of all benefits denies him sure and certain relief under N.D.C.C. § 65-01-01.  He argues because of a “minor mistake, whether intentional or not, in filling out his mileage reimbursement forms, he has now lost all [disability, medical, and vocational rehabilitation] benefits and the law has denied him any other form of compensation for his injuries.”  Clyde argues there must be “some proportionality between the offense committed by a claimant and the penalty imposed by the Bureau, otherwise the claimant is denied the sure and certain relief which has been promised to him.”  He claims he “received the death penalty for a minor traffic offense.”

[¶18] We reject Clyde’s characterization of this case.  Under N.D.C.C. § 65-05-

33(3), the legislature has authorized the forfeiture of “any additional benefits” for any person who willfully files a false claim or makes a false statement to the Bureau.  We have construed that statute to require claimants to forfeit any additional benefits for willfully making material false statements to the Bureau.  
Hausauer
, 1997 ND 243, ¶ 12, 572 N.W.2d 426.  The Bureau found Clyde willfully made false statements in connection with a claim and those false statements were material and misled the Bureau in awarding him benefits.  The record supports the Bureau’s finding that Clyde forfeited any additional benefits because he willfully made material false statements in his claims for reimbursement and not because he made a minor or innocent mistake.

V

[¶19] We affirm the judgment.

[¶20] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner