SCOTTISH AMERICAN MORTGAGE CO. *vs.* HARRIETT E. REEVE, *et al.*

Opinion filed May 27th, 1898.

**Second Appeal—Res Judicata.**

> Where a judgment has been affirmed on appeal to this court, it cannot afterwards be set aside for any alleged infirmity that existed prior to the former appeal, and that might have been raised and determined on that appeal.

Appeal from District Court, Traill County; *Pollock,* J.

Action by the Scottish-American Mortgage Company, Limited, against Harriett E. Reeve and others. Motion by defendants to set aside the judgment was denied, and they appeal.

Affirmed.

*Benton & Bradley,* for appellants.

The first judgment herein was rendered October 31st, 1896, during the June term of court. This was set aside and a new judgment entered at a subsequent term, and without notice to defendants. All judgments become final at the end of the term. Proceedings taken after that time to set aside a judgment must · be upon notice to all parties affected. Freeman on Judgments, § § 96, 103; *Loomis* v. *Rice*, 37 Wis. 262, *Aetna Life Ins. Co.* v. *McCormick*, 20 Wis. 279; *Symns* v. *Noxon*, 45 N. W. Rep. 680; *Bronson* v. *Schulten*, 104 U. S. 410. A motion to vacate a judgment founded upon grounds referring solely to the jurisdiction of the court to render judgment is a special appearance, and will not cure any defect in jurisdiction. A party thus urging his legal right should not be deemed to have conferred jurisdiction retrospectively. *Godfrey* v. *Valentine*, 39 Minn. 338; *Gray* v. *Hawes*, 8 Cal. 562; *Shaw* v. *Rowland*, 32 Kans. 154; *Briggs* v. *Sneghan*, 45 Ind. 14. No act of defendant subsequent to the entry of judgment can confer jurisdiction. *Meherbuch* v. *Partridge*, 39 N. Y. Supp. 681. A general appearance after the entry of judgment will not validate a judgment void for want of jurisdiction over the person of defendant. *Yorke* v. *Yorke*, 3 N. D.

343, 55 N. W. Rep. 1096; *Carlyle* v. *Weston*, 21 Pick. 536; *Gage* v. *Ganette*, 10 Mass. 176; *Osgood* v. *Thurston*, 23 Pick. 110; *Kanne* v. *Minnesota, etc., R. Co.*, 33 Minn. 419; *Martin* v. *Cobb*, 75 Tex. 544; *Osborn* v. *Cloud*, 21 Ia. 238; *Merryfield* v. *Burt*, 44 Ia. 194; *Briggs* v. *Sneghan*, 45 Ind. 15; *Etheridge* v. *Woodley*, 83 N. C. 12; *Marsden* v. *Soper*, 11 Ohio St. 503.

*Newman, Spalding & Stambaugh*, for respondent.

The question now sought to be raised was presented by the record on the former appeal and the validity of the judgment was considered. 7 N. D. 99; 72 N. W. Rep. 1088. The validity of the judgment sought to be vacated is *res judicata.* Van Fleet, § 678, 1320; *Pollock* v. *Cohen*, 32 Ohio St. 514; *Crockett* v. *Gray*, 31 Kan. 346, 2 Pac. Rep. 809; *Davis* v. *McCoakle*, 77 Ky. 746; *Damon* v. *Debar*, 94 Mich. 594, 54 N. W. Rep. 300; *St. Croix Lumber Co.* v. *Mitchell*, 57 N. W. Rep. 236.

BARTHOLOMEW, J. This case was before us at our October term, 1897. See 7 N. D. 99. We then affirmed the judgment appealed from. After the remittitur was sent down, the defendants moved in the District Court to set the judgment aside on the ground that the judgment was void, and the court without jurisdiction to enter the same. The judgment thus attacked was dated April 17, 1897, and the ground of the attack, brieflly stated, was the fact that on October 31, 1896, the court entered judgment in the case against these defendants; said defendants having entered no appearance and served no answer in the case. That subsequently, and after the expiration of the term at which such judgment was entered, and without notice to defendants, and on application of plaintiff, such judgment was set aside and canceled, and subsequently another judgment was entered; that being the judgment from which the former appeal was taken, and which the former appeal was taken, and which was affirmed by this court. The infirmity in this judgment, if any there was, existed prior to the former appeal, and appeared in the record that was brought to this court, because the record was substantially the

same in that case as in this; but no objection such as is now urged was taken either in the trial court or on appeal, and, the judgment having been affirmed in this court, that is an end of all matters that were or might have been litigated in the case. All such matters become *res adjudicata* for the purposes of that case. *Pollock* v. *Cohen*, 32 Ohio St. 514; *Zimmerman* v. *Turner*, 24 Wis. 483; *Crockett* v. *Gray*, 31 Kan. 346, 2 Pac. 809; *Damon* v. *De Bar*, 94 Mich. 594, 54 N. W. Rep. 300. In holding on the former appeal that the judgment appealed from was a valid and proper judgment, we necessarily held that the court had jurisdiction to enter it. The question is no longer open in this case. We must not be understood as admitting that, if the points here urged had been urged on the former appeal, our decision would have been any different from what it was.

Respondent urges that this is a proper case for the addition by this court of a penaly to the judgment as punishment for purposely delaying the execution of the judgment. That is a matter resting in sound discretion. In this case the record shows that the property covered by the mortgage is ample security for the debt, and there is also an approved supersedeas bond in the case. Plaintiff cannot suffer. We are not warranted in adding any penalty.

The order appealed from is in all things affirmed. All concur. (75 N. W. Rep. 910.)