Thomas M. JENNINGS, Plaintiff and Respondent,

v.

George E. SHIPP, Pearl Shipp, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the property described in the Complaint, Defendants and Appellants.

No. 8224.

Supreme Court of North Dakota.

Filed Nov. 10, 1966.

Fleck, Smith, Mather, Strutz & Mayer, Bismarck, for defendants and appellants.

Thompson, Lundberg & Nodland, Bismarck, for plaintiff and respondent.

EUGENE A. BURDICK, District Judge.

This action to quiet title was remanded by this court to the trial court for a new trial on the single question of the apportionment of accreted property claimed by the respective parties. Jennings v. Shipp (N.D.), 115 N.W.2d 12. We directed the trial court "to apportion the new shore line between the parties in parts corresponding to the ownership of the old shore line, and determine the boundary line between the two tracts by drawing a straight line between a point on one shore line where the segments owned by the respective parties join to a similar point on the other shore line and modify or amend the judgment accordingly."

Upon Remittitur the trial court, conformable to our directive, received in evidence by stipulation of the parties Exhibit "X", an engineering survey, establishing the points of departure of the present shore line from the line of the old shore and determining the lengths of both shore lines with respect to the entire body of accreted land. No additional evidence was offered by either party. Thereupon, the trial court apportioned the accreted lands in accordance with our directive. The Defendant has per-

fected the instant appeal from the Judgment on Remittitur and has demanded a trial *de novo*.

■ We have carefully examined the record and the findings of fact made by the trial court in its Findings of Fact, Conclusions of Law and Order for Judgment on Remittitur and find that these findings with respect to the apportionment of the accreted lands conform to our directive.

The Defendant argues that the trial court erred in making certain findings of fact, which were resolved by this court in the first appeal, and in failing to find that the Plaintiff is estopped by certain of his actions from claiming title to a portion of the accreted lands found to be his. All of these issues were resolved against the Defendant in the first appeal, either by express findings by this court or by the failure of counsel to assert them.

■ The Defendant cannot, upon appeal from the Judgment on Remittitur, present issues which were resolved by this court in the first appeal or which would have been resolved had they been presented. The decision of this court in the first appeal renders *res judicata* all issues with respect to the lands in controversy, except the one issue which we remanded to the trial court. Scottish-American Mortg. Co. v. Reeve, 7 N.D. 552, 75 N.W. 910; Jacobson v. Mutual Benefit Health and Accident Ass'n, 70 N.D. 566, 296 N.W. 545; La Plante v. Implement Dealers Mut. Fire Ins. Co., 73 N.D. 159, 12 N.W.2d 630, and Desautel v. North Dakota Workmen's Compensation Bureau, 75 N.D. 405, 28 N.W.2d 378.

The Judgment on Remittitur is affirmed.

STRUTZ, J., deeming himself disqualified, did not participate; EUGENE A. BURDICK, District Judge of the Fifth Judicial District sitting in his stead.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.