2000 ND 94

**Donald HOPFAUF, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,** Appellee,

and

**Sioux Falls Construction Company, Inc., Respondent.**

No. 990375.

Supreme Court of North Dakota.

May 11, 2000.

Rehearing Denied June 8, 2000.

Stephen D. Little, Dietz, Little & Haas, Bismarck, N.D., for claimant and appellant.

Brent J. Edison, Special Assistant Attorney General, Bismarck, N.D., for appellee.

MARING, Justice.

[¶ 1] Donald Hopfauf appealed a district court judgment affirming a North Dakota Workers Compensation Bureau order adopting an administrative law judge's recommended findings of fact, conclusions of law, and order affirming an earlier Bureau order on forfeiture of future benefits because of false statements. We affirm.

[¶ 2] Hopfauf suffered a work-related injury to his neck and left shoulder in 1986. The Bureau accepted liability and paid Hopfauf total disability benefits. In responding to Bureau inquiries in 1995 and 1996, Hopfauf indicated he had not done any work. The Bureau received information Hopfauf was working, and learned he had an auction clerking license under the name "Don's Clerking," which had been the clerk for 42 auctions.

[¶ 3] The Bureau issued an order denying further benefits and ordering repayment of benefits. After a hearing, an administrative law judge found Hopfauf had made false statements when he denied having performed any work, and issued an order reversing the Bureau's order for repayment of benefits, but ordering forfeiture of future benefits. The Bureau adopted the ALJ's decision, and the district court affirmed. On appeal, this Court recognized the ALJ found Hopfauf had made false statements, but noted the ALJ did not decide whether the false statements were made willfully as required by N.D.C.C. § 65–05–33 to support repayment of benefits or forfeiture of future benefits. We reversed and remanded "for a finding of whether Hopfauf 'willfully' made false statements to the Bureau." *Hopfauf v. North Dakota Workers Comp. Bureau*, 1998 ND 40, ¶ 16, 575 N.W.2d 436.

[¶ 4] After *Hopfauf* was decided, the Bureau's litigation counsel engaged in ex parte communications with Bureau decision makers and drafted additional findings of fact, conclusions of law, and order, and recommended their adoption by the Bureau. The Bureau issued the recom-

mended additional findings, conclusions, and order on February 25, 1998. Hopfauf appealed, and moved to amend the record to include evidence of the Bureau's ex parte contacts with its litigation counsel. On October 20, 1998, the district court issued an order ruling "the Bureau's ex parte communications ... violated Section 28–32–12.2 of the North Dakota Century Code and deprived Hopfauf of procedural due process." The court reversed the Bureau's order and "remand[ed] with instructions to hear and consider evidence and arguments of counsel for both parties." There was no appeal from that decision.

[¶ 5] A hearing was held before Temporary Administrative Law Judge Daniel L. Hovland ("TALJ"), who issued findings of fact, conclusions of law, and recommended order on January 7, 1999. The TALJ concluded, among other things, that Hopfauf had willfully made material false statements. The TALJ's recommended order provided the Bureau's order "dated March 7, 1996, shall be reversed as to the need for repayment of the sum of $12,-642.00 for disability benefits paid in error" and "affirmed as to the forfeiture of any additional future workers' compensation benefits in connection with this claim." On January 19, 1999, the Bureau issued an order adopting the TALJ's recommended findings, conclusions, and order as the Bureau's final order. The district court affirmed, and Hopfauf appealed to this Court.

[¶ 6] Hopfauf stated a number of issues on appeal, although he recognized in his reply brief: "The dispositive issue in this case remains: Does a preponderance of the evidence show that Don Hopfauf willfully made material false statements about his employment status and willfully failed to report income."

[¶ 7] Under N.D.C.C. §§ 28–32–19 and 28–32–21, we affirm an administrative agency decision unless the agency's findings of fact are not supported by a preponderance of the evidence, its conclu-

sions of law are not supported by its findings of fact, the decision is not supported by the conclusions of law, the decision is not in accordance with the law or violates the appellant's constitutional rights, or the agency's rules or procedures deprived the appellant of a fair hearing. *Siewert v. North Dakota Workers Comp. Bureau,* 2000 ND 33, ¶ 18, 606 N.W.2d 501. Our review of an agency's findings of fact is limited to determining if a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence in the record. *Id.* at ¶ 19. Questions of law are fully reviewable on appeal. *Witcher v. North Dakota Workers Comp. Bureau,* 1999 ND 225, ¶ 8, 602 N.W.2d 704.

[¶ 8] Under N.D.C.C. § 65–05–33, a claimant who willfully makes a false statement or who receives disability benefits and willfully fails to notify the Bureau of work or income from work must reimburse the Bureau for benefits paid, based upon the false statement, and forfeits any additional benefits relative to that injury. Section 65–05–33, N.D.C.C., was intended to create a penalty for anyone accepting benefits for a period of time in which that person was actually working. *Hayden v. North Dakota Workers Comp. Bureau,* 447 N.W.2d 489, 496 (N.D.1989). "To trigger the statutory consequences, a false statement must be intentional, not inadvertent, and material, not peripheral." *F.O.E. Aerie 2337 v. North Dakota Workers Comp. Bureau,* 464 N.W.2d 197, 201 (N.D.1990). Once the Bureau proves a false statement has been made, it must then prove the false statement was made intentionally. *Hausauer v. North Dakota Workers Comp. Bureau,* 1997 ND 243, ¶ 14, 572 N.W.2d 426. "The Bureau must prove the claimant's state of mind was purposeful in making the false statement." *Id.* "A state of mind can rarely be proven directly and must usually be inferred from conduct and circumstantial evidence." *Dean v. North Dakota Workers Comp. Bureau,* 1997 ND 165, ¶ 20, 567 N.W.2d 626. "If the Bureau

is seeking reimbursement for benefits paid, materiality requires the Bureau to prove the false claim or false statement caused the benefits to be paid in error." *Hausauer,* at ¶ 17. "If the Bureau is seeking forfeiture of future benefits, a false claim or false statement is sufficiently material if it is a statement which could have misled the Bureau or medical experts in a determination of the claim." *Id.* at ¶ 18.

[¶ 9] In remanding in *Hopfauf,* our concern was whether Hopfauf's false statements were willful. The TALJ found Hopfauf had made statements to the Bureau that he had not performed any work, whether on a part-time, full-time, or voluntary basis, had not returned to work, and was not self-employed. The TALJ found Hopfauf's testimony he "had served as an auctioneer on 3 or 4 occasions" while substituting "for approximately 2–3 minutes," was contradicted by the testimony of other witnesses. The TALJ concluded:

> It is undisputed that the claimant participated in approximately 35 auctions in 1994–1995. His participation in such auctions included providing services as an auctioneer and as a ringman. There is considerable dispute and controversy about the nature and extent of the claimant's involvement as an auctioneer and ringman. However, the most objective and reliable evidence clearly reveals that the claimant's participation in such activities was more than recreational amusement and merriment. There was credible evidence presented that the claimant served as an auctioneer for considerable lengths of time at various auctions.

The TALJ concluded Hopfauf's testimony was not credible and was inconsistent with more reliable evidence presented by other witnesses. The TALJ concluded Hopfauf willfully made material false statements:

> The greater weight of the evidence establishes that the claimant did make false claims or false statements to the Bureau and that such false statements were made willfully and intentionally.

Further, the false statements attributable to the claimant were sufficiently material to support a forfeiture of future benefits.

[¶ 10] There is substantial evidence about the nature and extent of Hopfauf's work activities as an auctioneer and auction ringman, from which a reasoning mind could reasonably find, as the Bureau did, that Hopfauf made false statements purposefully, intentionally, not inadvertently, *i.e.*, willfully. We conclude a reasoning mind reasonably could have determined the Bureau's findings were proven by the weight of the evidence in the record. The false statements were material with regard to future benefits in connection with the injury for which Hopfauf received disability benefits, as they could have misled the Bureau in a determination of the claim.

[¶ 11] We need not decide other issues Hopfauf has attempted to raise in this appeal. Hopfauf conceded notice and constitutional issues raised in this appeal could have been raised in his earlier appeal. "Questions that could have been raised in a previous appeal will not be examined." *Siewert*, 2000 ND 33, ¶ 33, 606 N.W.2d 501. *See also Tom Beuchler Constr. Inc. v. City of Williston*, 413 N.W.2d 336, 339 (N.D.1987) ("Rather, the law of the case encompasses not only those issues decided on the first appeal, but also those issues decided by the trial court prior to the first appeal which were not presented for review at the first appeal."). With regard to the Bureau's ex parte communications with its litigation counsel, the district court provided a remedy—a remand to the Bureau "with instructions to hear and consider evidence and arguments"—which Hopfauf did not appeal.

[¶ 12] The district court's judgment affirming the Bureau's order of January 19, 1999, is affirmed.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.

[¶ 14] The Honorable CAROL RONNING KAPSNER, J., disqualified herself subsequent to oral argument and did not participate in this decision.