2014 ND 60

**Kenneth L. RISOVI, Petitioner and Appellant**

v.

**JOB SERVICE NORTH DAKOTA, Respondent and Appellee.**

**No. 20130302.**

Supreme Court of North Dakota.

April 3, 2014.

Timothy C. Lamb, Grand Forks, ND, for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

McEVERS, Justice.

[¶ 1] Kenneth L. Risovi appeals from the district court's amended judgment affirming the decision of Job Service North Dakota ("Job Service") disqualifying him from benefits from November 4, 2012, until October 26, 2013, on the grounds he had misrepresented facts in order to obtain benefits. We affirm.

I

[¶ 2] On November 5, 2012, a Job Service claims deputy issued an initial determination that Risovi misrepresented facts in order to obtain unemployment benefits, which he was not eligible to receive. Job Service disqualified Risovi from receiving unemployment benefits from November 4, 2012, to October 26, 2013. Risovi appealed the initial determination. On January 8, 2013, an appeals referee conducted a hearing to determine "the circumstances ... surrounding th[e] [d]etermination, any wages reported or unreported, but more importantly if [Risovi] should have actually been disqualified from benefits for that one-year period of time."

[¶ 3] According to the testimony and exhibits offered at the January 8, 2013, administrative hearing, Risovi worked 351.5 hours in January 2012 for Milo Trucking. Risovi explained Milo Trucking offered him "40 percent of what the truck made which at that time was anywhere's [sic] from $125 to $145 an hour, but ... [Milo Trucking] couldn't pay [him] until the truck got paid which would have been a month and one-half later." Risovi asserted he could not go one and one-half months without pay so there was an oral agreement with Milo Trucking that he would be paid $260 per week for the month

of January, the approximate equivalent of 60 percent of his unemployment, and the commission would be paid in the future. Risovi's paycheck for the period from January 14, 2012, to February 13, 2012, was $10,320.92, with the paystub reflecting no hourly wage rate, and included a $6,100 payroll advance. Risovi claimed the $6,100 advance was a loan while Milo Trucking claimed it was for Risovi's work prior to January 14, 2012. For the week of January 7, 2012, Risovi reported to Job Service that he earned $260 for 26 hours rather than 94 hours actually worked. According to Risovi, "it really didn't matter how many hours I worked because if I can emphasize that I was working for a flat fee and there wasn't any concern how many hours I worked." Risovi explained that he provided "hours so basically to make that $260." Risovi pointed out that (1) he did not care how much his hourly wage came to, (2) he is not allowed to refuse work, at any rate, and claim unemployment, and (3) Job Service has no right to dictate what is an appropriate rate for work. Risovi claimed there is no proof in this case because it is his word against his employer; there is no proof Risovi received payroll checks, or that Risovi worked for what Milo Trucking claims is Risovi's recorded earnings. Risovi had a history of submitting claims with Job Service going back to 2008 which showed another of Risovi's employers also only reported 60 percent of the weekly benefit amount most of the time. Risovi explained this consistent reporting of 60 percent occurred because the work occurred during the slow winter months.

[¶ 4] Also considered by the appeals referee in Exhibit 4 were working notes that supported the investigation into the alleged fraud. The notes reflect that Risovi had indicated to the case manager that if he was not sent a payment he was going to lie and certify while he was working to receive payment. According to these notes, Risovi had indicated that he was going to start claiming weeks just to get his money.

[¶ 5] The appeals referee concluded the greater weight of the evidence in the record supported the finding that Risovi misrepresented his earnings for the entire month of January 2012. Specifically, the appeals referee found:

> [Risovi] did not report that he worked or reported earnings for the sole purpose of obtaining unemployment insurance benefits to which he was not entitled.... [Risovi] did not fail to report the proper earnings due to a lack of knowledge. On the contrary, he was fully aware of the reporting requirements. His failure to report the earnings was an intentional act to receive benefits to which he was not entitled to receive in order to meet his financial obligations.

The appeals referee concluded Risovi "misrepresented earnings and, therefore, should be disqualified from receiving future benefits for the period of time so stated in the nonmonetary determination." The appeals referee affirmed the claims deputy's initial determination. Risovi appealed to Job Service. Job Service denied the appeal on the grounds an appeal to Job Service is a matter of right only if the appeals referee's decision does not affirm the initial determination. Risovi petitioned for judicial review. On June 21, 2013, the district court affirmed the appeals referee's decision concluding it was reasonable to conclude that Risovi acted with fraudulent intent rather than due to a mistake or misunderstanding of the law or facts. This appeal followed.

[¶ 6] On appeal, Risovi argues he did not commit fraud in obtaining unemployment benefits while reporting his wages as

$260 per week for the month of January 2012 and receiving unemployment benefits at the time until the end of the month of January 2012. Risovi also argues Job Service's service of its respondent's brief was defective, because the certificate of service misidentified the employer, the employee claiming benefits, the case number, and the county of venue and, therefore, Job Service defaulted.

## II

[¶ 7] "In an appeal from a district court's review of an administrative agency decision, we review the agency's decision, not the district court's decision." *Gottus v. Job Service N.D.*, 2011 ND 204, ¶ 7, 804 N.W.2d 192. Under N.D.C.C. §§ 28–32–46 and 28–32–49, this Court must affirm the agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied within in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommenda-

tions by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46; *Gottus*, at ¶ 7. This Court "do[es] not make independent findings of fact or substitute [its] judgment for that of the agency's." *Willits v. Job Service N.D.*, 2011 ND 135, ¶ 8, 799 N.W.2d 374. When facts are disputed, a deferential standard of review is applied to the findings of fact, and we only determine whether a reasoning mind could have determined that the factual conclusions were proved by the weight of the evidence. *Marion v. Job Service N.D.*, 470 N.W.2d 609, 612 (N.D.1991). "As the factfinder, the appeals referee must decide issues of credibility and ascertain the weight to give the evidence." *Willits*, at ¶ 8. "Questions of law, including the interpretation of a statute, are fully reviewable on appeal from an administrative decision." *Bjerklie v. Workforce Safety and Ins.*, 2005 ND 178, ¶ 9, 704 N.W.2d 818.

### 1. False Statements For the Purpose of Obtaining Benefits

[¶ 8] An individual is disqualified for benefits under N.D.C.C. § 52–06–02(8) for the week in which the individual has filed an otherwise valid claim for benefits. The individual is also disqualified:

a. For one year from the date on which a determination is made that such individual has made a false statement for the purposes of obtaining benefits to which the individual was not lawfully entitled. Provided, however, that this disqualification does not apply to cases in which it appears to the satisfaction of job service North Dakota that the false statement was made by reason of a mistake or misunderstanding of law or of facts without fraudulent intent.

N.D.C.C. § 52–06–02(8)(a). Neither Risovi or Job Service offered any case law interpreting N.D.C.C. § 52–06–02(8)(a).

Although we have not had the opportunity to interpret N.D.C.C. § 52–06–02(8)(a), our explanation of the role of the factfinder in determining false statements, in the context of workers compensation, is helpful. In *Hopfauf v. N.D. Workers Compensation Bureau*, 2000 ND 94, ¶¶ 8–10, 610 N.W.2d 60, this Court required the Bureau to "prove the claimant's state of mind was purposeful in making a false statement" and held a factfinder may conclude a claimant made false statements "purposefully, intentionally, not inadvertently, i.e., willfully" by weighing the credibility of the evidence on the record. Also, other jurisdictions applying similar statutes have concluded that whether a claimant makes a false statement by reason of mistake or misunderstanding the law is a matter of credibility to be determined by the factfinder. *Dold v. Emp'r Solutions Staffing Grp., III*, No. A11–1488, 2012 WL 1570114 (Minn.Ct.App. May 7, 2012); *Basure v. Del., Dep't of Labor, Div. of Unemployment Ins.*, 1985 WL 188993 (Del.Super.Ct. July 3, 1985).

[¶ 9] The appeals referee correctly reasoned "[t]he law provides that a person who knowingly makes a false statement or fails to report a material fact in an attempt to collect benefits to which they are not eligible to receive, will be disqualified from receiving unemployment insurance benefits." The appeals referee explained the greater weight of the evidence in the record supported the conclusion that Risovi misrepresented his earnings for the entire month of January 2012. The record included Risovi's testimony, fraud investigation notes, and documents submitted to Job Service by both Risovi and Milo Trucking. The appeals referee found Risovi failed to report his earnings for the sole purpose of obtaining unemployment benefits to which he was not entitled and his failure to report his earnings was not due to a lack of knowledge. The appeals referee found the evidence supported the conclusion that Risovi intentionally failed to report his earnings to receive benefits he was not entitled to receive in order to meet his financial obligations.

[¶ 10] Risovi claims the facts do not support a finding that he willfully or intentionally made a false statement to defraud Job Service. The record reflects Risovi made false statements regarding the number of hours he worked and his rate of pay. Risovi's sole stated purpose for requesting $260 per week was so that he could continue to receive unemployment benefits for the four weeks of January 2012, despite knowing he would be paid based upon a commission, 40 percent of the income that the truck made, in the future. Risovi testified that he did provide an artificial figure for his hourly rate and hours so that his income would reflect $260 per week, which would allow him to continue receiving unemployment benefits. Based on the record, Risovi's testimony and exhibits offered at the January 8, 2013, administrative hearing, the findings are supported by a preponderance of the evidence. Also, a reasoning mind reasonably could determine that Risovi made a false statement for the purpose of obtaining benefits to which he was not lawfully entitled and that a reasoning mind could also reasonably conclude that the false statement was not made by reason of a mistake or misunderstanding of law or facts without fraudulent intent.

## 2. Proof of Service

[¶ 11] Risovi argues the certificate of service for Job Service's response brief electronically filed in the district court misidentified the employer, the employee claiming benefits, the case number, and the county of venue and, therefore, Job Service had defaulted. Risovi does not contest being served a copy of Job Ser-

vice's response brief filed with the district court. Risovi provides no authority to support his argument that because the certificate of service was mislabeled the service was fatally flawed and, therefore, Job Service defaulted in this case.

[¶ 12] This issue was not raised before the district court. "This Court has repeatedly and consistently held that issues or contentions not raised or considered in the district court cannot be raised for the first time on appeal from a judgment or order, and this Court will not address issues raised for the first time on appeal." *Beeter v. Sawyer Disposal LLC,* 2009 ND 153, ¶ 20, 771 N.W.2d 282 (citing *State ex rel. N.D. Dep't of Labor v. Riemers,* 2008 ND 191, ¶ 27, 757 N.W.2d 50; *Christofferson v. N.D. Dep't of Health,* 2007 ND 199, ¶ 16, 742 N.W.2d 799).

III

[¶ 13] The district court's amended judgment affirming Job Service's decision to disqualify him from benefits from November 4, 2012, to October 26, 2013, is affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.