2015 ND 199

**BAHA PETROLEUM CONSULTING CORP., Petitioner and Appellant**

v.

**JOB SERVICE NORTH DAKOTA, Respondent and Appellee.**

No. 20140452.

Supreme Court of North Dakota.

Aug. 11, 2015.

Patricia R. Monson, Fargo, N.D., for petitioner and appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, N.D., for respondent and appellee.

Jacob T. Haseman, Theodore D. Standage, and Stephen T. Throne, Sheridan, WY, for amicus curiae American Association of Professional Landmen.

McEVERS, Justice.

[¶ 1] BAHA Petroleum Consulting Corp. appeals from a judgment affirming a decision by Job Service North Dakota that landmen performed services for BAHA as employees rather than independent contractors. Because Job Service's findings of fact are supported by a preponderance of the evidence and its conclusions of law are supported by those findings, we affirm the judgment.

I

[¶ 2] BAHA is in the business of providing various services to oil and gas companies, including referrals of individuals to perform landman services. The general responsibilities of landmen include acquiring mineral and surface rights from landowners, negotiating leases, researching public and private records to determine ownership of mineral rights, and reviewing the status of titles. In April 2013, Job Service conducted an audit of BAHA and in June 2013 issued a notice of determination, informing BAHA that its landmen were employees rather than independent contractors and that BAHA was liable for unemployment insurance taxes on compensation paid to its landmen.

[¶ 3] BAHA appealed the determination, and a hearing was held before a Job Service appeals referee. Brad Hingtgen, a landman and co-owner of BAHA, and Brett Brothers, also a landman, testified on behalf of BAHA. The referee affirmed Job Service's initial determination, finding the landmen were employees of BAHA rather than independent contractors. Job Service denied review of the referee's decision under N.D.C.C. § 52–06–19, and the district court affirmed Job Service's decision.

II

[¶ 4] BAHA argues Job Service erred in determining its landmen were employees rather than independent contractors.

[¶ 5] When an administrative agency's decision is appealed from district court, we review the agency's decision and the record before the agency in the same manner as the district court reviewed the decision. *Bleick v. North Dakota Dep't of Human Servs.*, 2015 ND 63, ¶ 10, 861 N.W.2d 138. We must affirm the agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

 [¶ 6] This Court "do[es] not make independent findings of fact or substitute [its] judgment for that of the agency's." *Willits v. Job Service North Dakota,* 2011 ND 135, ¶ 8, 799 N.W.2d 374 (internal quotation marks and citation omitted). When facts are disputed, or if contradictory inferences can reasonably be drawn from undisputed facts, we apply a deferential standard of review to the findings and determine only whether a reasoning mind could have reasonably determined that the factual conclusions were proved by the weight of the evidence. *See Risovi v. Job Service North Dakota,* 2014 ND 60, ¶ 7, 845 N.W.2d 15; *Baier v. Job Service North Dakota,* 2004 ND 27, ¶ 10, 673 N.W.2d 923. "As the factfinder, the appeals referee must decide issues of credibility and ascertain the weight to give the evidence." *Willits,* at ¶ 8 (internal quotation marks and citation omitted).

### A

 [¶ 7] BAHA argues Job Service erred in applying the 20–factor common law test for determining employee status under N.D. Admin. Code § 27–02–14–01(5)(b), rather than the test contemplated by N.D.C.C. § 52–01–01(18)(k).

[¶ 8] Section 52–01–01(18)(k), N.D.C.C., creates an exemption from employment status for landmen and provides in relevant part:

18. "Employment" does not include:

. . . .

k. Service performed for a private for-profit person or entity by an individual as a landman if substantially all remuneration, including payment on the basis of a daily rate, paid in cash or otherwise for the performance of the service is directly related to the completion by the individual of the specific tasks contracted for rather than to the number of hours worked by the individual, *and the services are performed under a written contract between the individual and the person for whom the services are performed which provides that the individual is to be treated as an independent contractor and not as an employee with respect to the services provided under the contract.*

(Emphasis added.) BAHA acknowledges there were no written contracts with its landmen, but nevertheless claims Job Service erred in applying the common law test because "there was strong evidence to show connection between the daily rate paid to the landmen referred by BAHA

and the performance of the specific tasks done by those landmen."

[¶ 9] The Legislature through the enactment of N.D.C.C. § 52–01–01(18)(k) has made it easier for an employer to have landmen treated as independent contractors. Contrary to the argument of BAHA, Job Service did apply this statutory test and determined the landmen in this case did not qualify as independent contractors under the statute based on the undisputed fact that their work was not performed under written contracts designating them as independent contractors during the relevant time frame. We cannot simply ignore the clear terms of the statute. Because the landmen did not qualify for the exemption under this statute, the appeals referee turned to the 20–factor common law test under N.D. Admin. Code § 27–02–14–01(5)(b), which the parties agree applies when the requirements of N.D.C.C. § 52–01–01(18)(k) are not satisfied.

[¶ 10] We conclude BAHA's argument is without merit and N.D.C.C. § 52–01–01(18)(k) is inapplicable.

## B

[¶ 11] BAHA argues Job Service's findings of fact on the 20–factor common law test are not supported by a preponderance of the evidence.

[¶ 12] In *Myers–Weigel Funeral Home v. Job Insurance Div. of Job Service of North Dakota*, 1998 ND 87, ¶ 9, 578 N.W.2d 125, this Court explained:

The central question in determining whether an individual is an employee or independent contractor is: Who is in control? *BKU Enters., Inc. v. Job Service [of] North Dakota*, 513 N.W.2d 382, 385 (N.D.1994) (stating "[u]nder N.D.A.C. § 27–02–14–01(5)(a), the common law test focuses upon the employer's right to direct and control the

means and manner of performing the work"). *See Conference Committee on H.B. 1378*, 52nd N.D. Leg. Sess., (Apr. 6, 1991) (Representative John Dorso comments "[t]he Legislative Council feels the right to control and the common law [test] are one and the same"). The *right* to control is dispositive, whether or not it has been exercised. *Turnbow v. Job Service North Dakota*, 479 N.W.2d 827, 830 (N.D.1992). The North Dakota Administrative Code section 27–02–14–01(5)(b), includes twenty factors to consider in determining whether or not sufficient control is present to establish if an individual is an employee or independent contractor. *See BKU Enters.*, 513 N.W.2d at 385–87 fn. 2 (quoting, in full, the list of twenty factors identified in section 27–02–14–01(5)(b), N.D. Admin. C.). These twenty factors measure the employer's right to control the purported employee. *Id.* at 385.

Whether a worker is an independent contractor or an employee is a mixed question of fact and law. *BKU Enters.*, 513 N.W.2d at 387. "Significantly, the remedial nature of our unemployment compensation law calls for a liberal construction which favors the finding of employee status." *Myers–Weigel*, at ¶ 8. Whether an employer has retained the right to direct and control the services performed by workers is a finding of fact. *BKU Enters.*, at 387. The employer bears the burden of showing the worker is an independent contractor. *Id.* at 384; *Turnbow*, 479 N.W.2d at 829.

[¶ 13] During the hearing, Hingtgen testified about BAHA's relationship with its landmen and their duties. Brothers' testimony focused on his experience as a landman "outside of BAHA." The appeals referee based his findings on this testimony and other evidence in the record, including a worker relationship ques-

tionnaire completed by BAHA. Based on this evidence, the referee found the common law factors on instructions; services rendered personally; hiring, supervising, and paying assistants; continuing relationship; set hours of work; full time required; and significant investment, favored independent contractor status. *See* N.D. Admin. Code § 27–02–14–01(5)(b)(1), (4), (5), (6), (7), (8), and (15). The referee found the factors on doing work on the premises and order or sequence set were neutral. *See* N.D. Admin. Code § 27–02–14–01(5)(b)(9) and (10). The referee found the remaining factors favored employee status.

[¶ 14] On the factor of training under N.D. Admin. Code § 27–02–14–01(5)(b)(2), the referee found:

> As a general rule, the landmen are expected to be familiar with the type of work they are performing on behalf of the employing unit and their client(s). If not, the client requires the landmen to "job shadow" another BAHA landman. Without such job shadowing, it is unlikely the client will allow the landman to perform services for them. This factor favors a finding of employee.

[¶ 15] On the factor of integration under N.D. Admin. Code § 27–02–14–01(5)(b)(3), the referee found:

> The employer's enterprise is primarily devoted to providing a variety of individuals to their client(s). While the employing unit [the business owners] do not physically work on the client's site, the landowners' property, courthouse, etc., their business interests are interwoven into the very fabric of the services provided by the landmen on behalf of the employing unit's client.

[¶ 16] On the factor of oral or written reports under N.D. Admin. Code § 27–02–14–01(5)(b)(11), the referee found:

Other than the invoices completed by the workers, there were no other reports, oral or otherwise, that were required of the workers. They must, however, provide duplicate copies of their work to the client and the employing unit. This is to ensure the work has been accomplished in accordance with proper procedure and verification the assigned project has been completed. On balance, because there is an element of control with regard to the submission of the completed project(s) to the employing unit, this factor tips slightly in favor of a finding the services are performed as an employee.

[¶ 17] On the factor of payment by hour, week, or month under N.D. Admin. Code § 27–02–14–01(5)(b)(12), the referee found:

> The workers are paid a day rate established by the employing unit. Although the landmen are free to reject the proposed day rate, the limited ability to negotiate the rate of pay, finds this factor tipping in favor of that of an employer/employee relationship.

[¶ 18] On the factor of payment of business or traveling expenses under N.D. Admin. Code § 27–02–14–01(5)(b)(13), the referee found:

> The landmen are responsible for providing their own transportation, fuel, repairs, equipment, and proof of insurance. Although it is generally assumed that the workers already owned a vehicle, such transportation is integral in ensuring that they are able to maintain a functioning method of transportation to perform their services; the same as any other employee. However, in this case, the workers are reimbursed mileage, per diem, and lodging. On balance, the reimbursement of these costs weighs in favor of an employer/employee relationship.

[¶ 19] On the factor of the furnishing of tools and materials under N.D. Admin. Code § 27–02–14–01(5)(b)(14), the referee found:

> The landmen are required to possess certain equipment and/or personal gear to perform their duties. Due to the nature of the costs associated with this equipment and the vehicle investment, this factor would normally weigh in favor of an independent contractor. However, because the employer requires the equipment and specific vehicle type, the factor is indicative of the right to control. It is worth noting that, due to the nature of the terrain and travel required, it is only prudent for the landmen to possess such a vehicle.

[¶ 20] On the factor of realization of profit and loss under N.D. Admin. Code § 27–02–14–01(5)(b)(16), the referee found:

> The landmen are not in a position to realize a profit or loss from the services performed as one would find in an individual operating an independent trade or business. To the contrary, the landmen rely upon the agreed upon amount of money for each day they perform services and for their mileage, per diem, and lodging incurred in commuting to and from work. This factor tips in favor of an employee.

[¶ 21] On the factor of working for more than one firm at a time under N.D. Admin. Code § 27–02–14–01(5)(b)(17), the referee found:

> It was said the landmen are free to work for other firms. However, there was no indication the workers perform their services for other firms. In the absence of such a showing, this factor weighs in favor of an employee.

[¶ 22] On the factor of making services available to the general public under N.D. Admin. Code § 27–02–14–01(5)(b)(18), the referee found:

> There was no evidence to show that the landmen advertise themselves as independent contractors or otherwise make themselves available to the general public as independent contractors. This factor weighs in favor of employment.

[¶ 23] On the factor of the right to discharge under N.D. Admin.Code § 27–02–14–01(5)(b)(19), the referee found:

> At any given time the client finds the services performed by the worker to be unsatisfactory, the client may direct the employing unit to no longer assign projects to a partic[ ]ular landman. If the client(s) no longer desired the landman on any of their projects, then no other work is available to the landman.

[¶ 24] On the final factor of the right to terminate under N.D. Admin. Code § 27–02–14–01(5)(b)(20), the referee found:

> The landmen have the right to terminate the relationship at will. No attendant liability on the part of the landmen appears to continue after separation. This factor favors an employer/employee relationship.

Weighing all of the evidence, the referee explained "[d]espite those factors that seem to weigh in favor of [ ] an independent contractor, the greater weight of evidence in the record gives rise to the conclusion the landmen perform their services to the employing unit in the role of employees."

[¶ 25] BAHA appears to argue Job Service erred as a matter of law in finding payment of a daily rate indicated employee status because payment on the basis of a daily rate is a factor indicating independent contractor status under N.D.C.C. § 52–01–01(18)(k). However, we have concluded N.D.C.C. § 52–01–01(18)(k) is inapplicable here, the parties agree that the 20–factor common law test guides the analysis, and that test continues to provide that "[p]ayment by the hour, week, or month generally points to an employer-

employee relationship." N.D. Admin. Code § 27–02–14–01(5)(b)(12). This factor under the common law test has not been amended to carve out an exception for landmen.

[¶ 26] The remainder of BAHA's arguments challenge the sufficiency of the evidence to support the appeals referee's findings on the factors either favoring employee status or being neutral. From our review of the record, those findings are supported by the evidence and reasonable inferences that can be drawn from that evidence. The appeals referee engaged in an exhaustive analysis of the 20–factor common law test and explained how he weighed those factors in concluding BAHA's landmen were employees rather than independent contractors. BAHA seeks to have us reweigh the evidence, make independent findings of fact, and substitute our judgment for that of Job Service. We are not allowed to do so. *See, e.g., Tronnes v. Job Service North Dakota,* 2012 ND 57, ¶ 6, 813 N.W.2d 604.

[¶ 27] We conclude a reasoning mind could have reasonably determined the appeals referee's factual determinations were proven by the weight of the evidence and those findings support the legal conclusion that BAHA's landmen were employees rather than independent contractors.

### III

[¶ 28] It is unnecessary to address other arguments raised because they either are unnecessary to the decision or are without merit. We affirm the judgment.

[¶ 29] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and DANIEL J. CROTHERS, JJ., concur.